**GEO. P. REINTJES CO., INC., Plaintiff,**

v.

**RILEY STOKER CORPORATION, Defendant.**

Civ. A. No. 93–40040–NMG.

United States District Court, D. Massachusetts.

April 18, 1995.

---

Edmund C. Case, Roger A. Lane, Testa, Hurwitz & Thibeault, Boston, MA, Gregory S. Gerstner, Duane J. Fox, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, for George P. Reintjes Co., Inc., plaintiff.

David P. Grossi, Barry A. Bachrach, Bowditch & Dewey, Worcester, MA, for Riley Stoker Corp., defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiff, Geo. P. Reintjes Co., Inc. ("Reintjes"), brought this action to rescind a settlement agreement with the defendant, Riley Stoker Corp. ("Riley"), and/or to obtain money damages for deceptive trade practices under M.G.L. c. 93A. Reintjes claims that Riley fraudulently obtained an arbitration award, which, in turn, led to the settlement agreement, by knowingly making false statements at the arbitration hearing. Pending before this Court are the following motions:

1) motion of plaintiff to amend its complaint; and

2) motion of defendant to dismiss.

## I. BACKGROUND

In June, 1988, Reintjes and Riley entered into a contract by which Reintjes agreed to install refractory linings in two commercial boilers being constructed by Riley. A dispute arose as to which party had responsibility for performing certain necessary repair work to the linings. Pursuant to a contract provision, the parties submitted their dispute to arbitration.

After a hearing, the arbitrator concluded that, under the contract, Reintjes was responsible for the repair work. As a result, the arbitrator awarded Riley a net amount of $989,919 on its claim that Reintjes breached its contractual warranties. On June 10, 1991, this Court (per Young, J.) entered judgment ("the Prior Judgment") confirming the arbitration award in favor of Riley. *See* Civil Action No. 91–90020–WGY. In July, 1991, the parties entered into a Release and Settlement Agreement ("the Settlement Agreement") and Reintjes paid Riley $950,000.

In February, 1993, Reintjes filed a motion, pursuant to Fed.R.Civ.P. 60(b)(3) to vacate the Prior Judgment. At about the same time, it also filed this action seeking to rescind the Settlement Agreement and/or obtain money damages for deceptive trade practices. In support of both the Rule

60(b)(3) motion and this action, Reintjes alleged that it had recently learned that Riley "knowingly misrepresented facts" at the arbitration hearing. In May, 1993, Judge Young denied the motion to vacate the Prior Judgment. Although the reason was not stated, it is presumed that the motion was denied because it did not meet the one-year filing deadline set forth in Fed.R.Civ.P. 60(b).

On April 23, 1993, Riley filed a motion to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. This Court denied that motion. *See Memorandum and Order*, entered March 29, 1994. Subsequently, Riley filed a motion to reconsider, and, on November 14, 1994, the Court allowed that motion. As a result, Riley's motion to dismiss this action is pending before this Court. Perhaps anticipating an adverse decision, the plaintiff has filed a motion to amend its complaint in order to claim relief from the Prior Judgment pursuant to Fed.R.Civ.P. 60(b). That motion, therefore, is also pending.

## II. DISCUSSION

### A. Reintjes' Motion to Amend

In its Order of March 29, 1994, this Court declined to address the issue of whether the plaintiff could properly bring an independent action to attack the Prior Judgment. *Id.* at 5, n. 1. Instead, the Court allowed the case to proceed as an action challenging the Settlement Agreement only, not the Prior Judgment. *See Id.* Upon further reflection and consideration of defendant's motion to reconsider, this Court concludes that:

1. the Settlement Agreement and the Prior Judgment are inextricably connected;
2. this action was filed in an attempt to obtain relief from a prior, federal judgment without complying with the Federal Rules of Civil Procedure; and
3. therefore, Reintjes cannot obtain meaningful relief from the Settlement Agreement without first obtaining relief from the Prior Judgment pursuant to Fed.R.Civ.P. 60(b).

In the absence of an action for relief under Fed.R.Civ.P. 60(b), this Court would be compelled to allow Riley's motion to dismiss.

Reintjes has, however, now filed a motion to amend its complaint to seek relief from the Prior Judgment pursuant to Fed.R.Civ.P. 60(b). If, after considering the proposed amended complaint, the Court finds the fatal ambiguity cured, it will allow the motion. *See Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 868 (1st Cir.1993). On the other hand, if the Court finds that the complaint, as thus amended, still fails to state a claim, it will, in the exercise of its discretion, deny Reintjes' motion to amend as being futile and allow Riley's motion to dismiss. *See Id.*

### B. Riley's Motion to Dismiss

#### 1. Motion to Dismiss Standard

■ When ruling on a motion to dismiss for failure to state a claim, the Court must take the factual averments of the complaint (and, in this case, the factual allegations of the proposed amendment to the complaint) as true and indulge every reasonable inference in the plaintiff's favor. *See Garita Hotel Ltd. v. Ponce Federal Bank*, 958 F.2d 15, 17 (1st Cir.1992). The Court may dismiss a claim pursuant to Rule 12(b)(6) "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).

#### 2. Obtaining Relief from Prior Judgment

Reintjes brought this action to obtain relief from a judgment entered by this Court on June 10, 1991. *See* Civil Action No. 91-90020–WGY. Reintjes argues that it is entitled to such relief because the defendant committed fraud in the arbitration hearing which formed the basis for the Prior Judgment.

Fed.R.Civ.P. 60 ("Rule 60") governs the procedures for obtaining relief from previously entered judgments and orders. Under Rule 60(b)(3), a party may file a motion for relief from a judgment alleging fraud so long as the motion is filed not more than one year

after the judgment was entered.[1] In addition, the so-called "savings clause" of Rule 60 provides that:

> [t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for *fraud upon the court.*

Fed.R.Civ.P. 60(b) (emphasis added).

The savings clause has been the source of some controversy. Courts and commentators continue to question whether an independent action to obtain relief from a prior judgment is viable if it alleges only "ordinary fraud" as opposed to the more serious "fraud upon the court." Indeed, this action rests, in essence, upon the issue of whether Reintjes must allege and prove "fraud upon the court."

█ This Court concludes that a party advancing an independent action pursuant to Rule 60(b), such as the plaintiff in the instant case, must show "fraud upon the court" to obtain relief from a prior judgment. Its conclusion is based upon four grounds:

1) The plain language of Rule 60 provides that a party may bring an independent action "to set aside a judgment for *fraud upon the court.*" Fed.R.Civ.P. 60(b) (emphasis added). *See Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989) (Scalia, J.) ("[w]e give the Federal Rules of Civil Procedure their plain meaning ... and generally with them, as with a statute, 'when we find the terms ... unambiguous, judicial inquiry is complete'"); *Odence v. Salmonson Ventures,* 108 F.R.D. 163, 170 (D.R.I.1985) ("construction of a rule of procedure must start with the [language] of the rule").

2) Permitting an independent action to obtain relief from a prior judgment on grounds of ordinary fraud would render Rule 60(b)(3) (which places a one-year limitation on motions alleging ordinary fraud)

redundant and possibly inoperative. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985) (a statute should not be interpreted so as to render one part inoperative); *In re Tetracycline Cases,* 107 F.R.D. 719, 727 (W.D.Mo.1985) ("any interpretation which makes a federal rule superfluous is to be avoided").

3) The policy considerations underlying Rule 60 (e.g., promoting the finality of judgments and conserving judicial resources) militate in favor of requiring proof of "fraud upon the court" in independent actions seeking relief from prior judgments.

4) The overwhelming majority of courts that have addressed the issue have concluded that independent actions filed pursuant to the savings clause of Rule 60(b) must claim "fraud upon the court." *See Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.,* 12 F.3d 1080, 1085–86 (Fed.Cir.1993) (stating that the savings clause should be construed narrowly because otherwise the concept of "fraud upon the court" could overwhelm Rule 60(b)(3)); *Gleason v. Jandrucko,* 860 F.2d 556, 558 (2d Cir.1988) ("the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion"); *Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.,* 827 F.2d 984, 986 (4th Cir.1987) ("district courts may entertain an independent action in equity to set aside a judgment for fraud on the court"); *Great Coastal Express, Inc. v. International Bhd. of Teamsters,* 675 F.2d 1349, 1355–57 (4th Cir.1982) (same); *Dankese Engineering, Inc. v. Ionics, Inc.,* 89 F.R.D. 154, 157–58 (D.Mass. 1981) (same). *But see Averbach v. Rival Mfg.,* 809 F.2d 1016, 1022–23 (3d Cir.1987) ("the elements of a cause of action for ... relief in an independent action are not different from those elements in a Rule 60(b)(3) motion").

---

1. Reintjes filed a motion pursuant to Rule 60(b)(3), but that motion was denied, apparently because the motion was filed more than one year after judgment had been entered.

**6**

■ Reintjes relies heavily on the *Averbach* decision. This Court, however, finds the reasoning of that case, which rests on the advisory notes, the history of the rule and secondary sources, unpersuasive. Where the language of a federal rule of civil procedure is unambiguous, as with Rule 60 in this case, the judicial inquiry should be complete. *See Pavelic & LeFlore*, 493 U.S. at 122, 110 S.Ct. at 457–58.

### 3. "Fraud Upon the Court"

Having determined that a party must allege and prove "fraud upon the court" to be entitled to relief from a judgment under the savings clause of Rule 60(b), this Court now considers whether Reintjes' complaint and proposed amendment state a claim upon which relief may be granted. *See* Fed. R.Civ.P. 12(b)(6).

Reintjes claims that several employees of Riley conspired together to commit perjury during the arbitration hearing and therefore tainted the arbitrator's decision. Because that decision, allegedly ill-obtained, formed the basis of the Prior Judgment, Reintjes argues that Riley committed "fraud upon the court" entitling it to relief.

■ "Fraud upon the court" is, by differentiation, more serious than the ordinary fraud necessary to obtain relief from a judgment by a motion under Rule 60(b)(3). *See Gleason*, 860 F.2d at 558. "Indeed, 'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Id.* at 559. Consequently, "fraud on the court" is:

> typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.

*Great Coastal Express, Inc.*, 675 F.2d at 1356. Fraud upon the court involves more than perjury of a witness or injury to a single litigant. *Id.* at 1357 ("perjury or fabricated evidence are not grounds for relief as 'fraud on the court'"); *Gleason*, 860 F.2d at 559 ("credibility and veracity of a witness at issue in an original proceeding cannot be later challenged by way of an independent action").

In this case, all of the allegations in the complaint and the proposed amendment are accepted as true, but this Court, nevertheless, finds that those allegations fail to allege facts sufficient to show "fraud upon the court" pursuant to Rule 60(b). Reintjes claims that Riley's witnesses committed perjury. As explained perjury of a witness does not, however, by itself, constitute "fraud upon the court." *Great Coastal Express, Inc.*, 675 F.2d at 1357.

■ Reintjes had the opportunity to discover the alleged perjury during the arbitration proceedings and before entry of the Prior Judgment. "In addition, the legal system contains other sanctions against perjury." *Id.* But Reintjes cannot avail itself of an independent action under Rule 60(b) to retry issues of credibility resolved in the arbitration proceedings and the Prior Judgment. *Gleason*, 860 F.2d at 559. More importantly, it cannot relitigate the issues involved in the action decided by the Prior Judgment merely because it was allegedly defrauded by Riley. *Id.* ("fraud on the court involves far more than an injury to a single litigant"; *citations* omitted).

## III. CONCLUSION

In order to obtain relief from a judgment under the savings clause of Rule 60(b), Reintjes has to allege and prove "fraud upon the court." *See Gleason*, 860 F.2d at 558. Because Reintjes' complaint and proposed amendment fail to allege facts sufficient to show a "fraud upon the court," this Court will allow Riley's motion to dismiss. Fed. R.Civ.P. 12(b)(6). *See Correa–Martinez*, 903 F.2d at 52. The Court will also deny Reintjes' motion to amend its complaint because the proposed amendment would be futile. *See Boston & Maine Corp.*, 987 F.2d at 868.

### ORDER

For the foregoing reasons, it is hereby ORDERED that:

1. the motion of the plaintiff, Reintjes, to amend the complaint is DENIED; and

2. the motion of the defendant, Riley, to dismiss this action for failure to state a claim upon which relief may be granted is ALLOWED.

So Ordered.