## Maurice Sherman BLISS, et al., Plaintiffs,

v.

## SAMSON RESOURCES COMPANY, et al., Defendants.

### No. 9:95cv43.

United States District Court, E.D. Texas, Lufkin Division.

Aug. 8, 1995.

George E. Chandler, Reich O. Chandler and W. Jeff Paradowski, Lufkin, TX; L. Brent Farney, San Antonio, TX, for plaintiffs.

Charles M. Moore, Morris Harrell & Joe H. Staley, Jr., Dallas, TX; Kip K. Lamb and Hubert Oxford, III, Beaumont, TX, for defendants.

### *MEMORANDUM OPINION*

HEARTFIELD, District Judge.

Plaintiffs filed their original complaint against defendants on February 21, 1995. On July 5, they moved for the court to grant them leave to file their first amended complaint.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading as a matter of course at any time before a responsive pleading is served." Fed.R.Civ. Pro. 15(a). In this case, plaintiffs' original complaint remains unanswered. The various motions to dismiss that different defendants have filed, moreover, are not responsive pleadings. *Zaidi v. Ehrlich,* 732 F.2d 1218, 1219–20 (5th Cir.1984).

Because none of the defendants has served a responsive pleading to the original complaint, plaintiffs may file their first amended complaint as a matter of course. They, however, still have moved for leave to amend. The Fifth Circuit has provided district courts with the following direction on how to proceed in this situation: "When ... plaintiffs who ha[ve] a right to amend nevertheless petition[ ] the court for leave to amend, the court should grant the petition." *Id.* at 1220.

**4**

The court, therefore, GRANTS plaintiffs' motion for leave to file their first amended complaint.[1] It will enter an order conforming with this opinion.

### ORDER

The court GRANTS plaintiffs' motion for leave to file their first amended complaint.

---

1. This order in no way conflicts with *Caine v. Hardy*, 943 F.2d 1406 (5th Cir.1991) (en banc), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1474, 117 L.Ed.2d 618 (1992). In that case, the court reviewed the district court's denial of plaintiff's motion for leave to file a first amended complaint made prior to service of any responsive pleading. It concluded that this decision was not erroneous because the proposed amended complaint failed to state a claim for relief. *Id.* at 1415–16. The dissent decried this outcome:

> The majority completely ignores the clear and simple dictate of Rule 15(a): Dr. Caine could amend his original petition without court permission because no responsive pleading had been filed. Courts at this stage of litigation do not evaluate under Rule 12(b)(6) the right to amend a complaint, and the district court did not purport to do so. Thus, the district court committed plain error when it prohibited Dr.

Caine from filing an amended complaint. The two cases cited by the district court are clearly inapplicable here because in those cases the defendants had filed responsive pleadings. In such a situation, the second sentence of Rule 15(a) applies: "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Only when a responsive pleading has been filed can the court determine if the amended pleading would survive a motion to dismiss under Rule 12(b)(6).

*Id.* at 1420–21 (Williams, J., dissenting). *Caine*, however, in no way intimates that this court may not choose to grant plaintiffs' motion for leave to amend before addressing the motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).