**M.A. EVERETT, et al., Plaintiffs,**

v.

**USAIR GROUP, INC., et al., Defendants.**

**Civil Action No. 95–0990 (PLF).**

United States District Court,
D. District of Columbia.

Dec. 29, 1995.

Brian W. Shaughnessy, Shaughnessy, Borowski & Gagner, Washington, DC, for plaintiffs.

Zachary D. Fasman, Paul Hastings Janofsky & Walker, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case was brought under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and is before the Court on Plaintiffs' Motion to Compel, defendants' opposition thereto, and defendants' post-argument brief. Plaintiffs seek responses to their Interrogatory Nos. 7, 8, 10, and 14–21, and Document Request Nos. 5 and 13–15. The Court heard argument on these discovery issues on December 19, 1995.

Interrogatory No. 7 seeks "a full explanation of the factual bases, including identification of all persons with knowledge of any such facts for defendants' denial of the allegations in Paragraph 24 of the Complaint," and the identification of "all contract agreements USAir policies or practices, federal

and state laws and regulations, constitutional provisions and any interpretations by USAir or its advisors of the foregoing that were relied on or used" with respect to defendants' denial of the allegations in paragraph 24. Paragraph 24 of the Complaint states: "The phrases 'investment performance of the S & P 500' and 'unadjusted for dividends' are terms of art within the securities industry reflecting the understanding that the reinvestment of dividends would be included." The Answer to the Complaint denies that these are terms of art, and defendants' response to Interrogatory No. 7 states that defendants "believe" that those phrases mean that dividends are not included.

Interrogatory No. 8 seeks the same type of disclosure with respect to defendants' denial of the allegations in Paragraph 25 of the Complaint that for many years after December 1972, USAir included the reinvestment of dividends in calculating the benefits available under the Pension Plan. In response, defendants assert the attorney work product privilege and refer to their answer to Interrogatory No. 6.

Interrogatory No. 10 seeks the same type of disclosure with respect to defendants' denial of the allegations in paragraph 28 of the Complaint that in or around November 1989, USAir changed its method of calculating the Minimum Benefits under the Pension Plan. In response, defendants assert the attorney work product privilege and refer to their answer to Interrogatory No. 6.

Interrogatory Nos. 14–21 seek "the full factual bases, including the identification of any contract agreements USAir policies or practices, federal and state laws and regulations, constitutional provisions and any interpretations by USAir or its advisors of the foregoing that were relied upon" in asserting defendants' Second through Ninth Affirmative defenses, as well as the identification of "any persons with knowledge of these facts." In response, defendants cite generally ERISA, federal common law, ERISA case law, federal labor law and state law.

### A. Contention Interrogatories

■ Defendants characterize all these interrogatories as contention interrogatories and argue that they are premature. Contention interrogatories generally "ask a party: to state what it contends, ... [or] to state all the facts upon which it bases a contention." *B. Braun Medical Inc. v. Abbott Laboratories,* 155 F.R.D. 525, 527 (E.D.Pa.1994); *see In re Convergent Technologies,* 108 F.R.D. 328, 332 (N.D.Cal.1985). While such interrogatories are permitted, the obligation to respond to them is often postponed until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on. *In re Convergent Technologies,* 108 F.R.D. at 336.

■ Insofar as Interrogatory Nos. 7, 8, and 10 request the identification of documents or witnesses, they are not contention interrogatories. Indeed, the documents and information sought are precisely the sort of information that is to be automatically disclosed—so-called "core disclosure"—under the recent amendments to Rule 26 of the Federal Rules of Civil Procedure. *See* Rule 26(a)(1)(A) and (B), Fed.R.Civ.P. Had the parties not stipulated to dispense with their obligations under Rule 26(a)(1), this information would have been exchanged by now. In any event, defendants must respond to these interrogatories within 14 days from the date of this Order by identifying or producing the documents requested and by providing the names of persons with knowledge of the relevant facts. *See B. Braun Medical Inc. v. Abbott Laboratories,* 155 F.R.D. at 527; *In re Convergent Technologies,* 108 F.R.D. at 332–33. Insofar as these interrogatories call for defendants to separately articulate the underlying facts upon which they base their defenses, however, they are contention interrogatories and defendants need not respond at this time. *B. Braun Medical Inc. v. Abbott Laboratories,* 155 F.R.D. at 527.

■ With respect to Interrogatories Nos. 14–21, these are contention interrogatories and plaintiffs have not explained why responses are necessary at this early stage of discovery. *In re Convergent Technologies,* 108 F.R.D. at 338. Plaintiffs may submit more specific interrogatories with respect to some or all of defendants' affirmative defenses only if they can support the need for responses at this stage of the case. As de-

fendants have pointed out, their motion for summary judgment is due on January 16, 1996, and they intend at that time to provide documents and other information relating to the defenses that they contend entitle them to summary judgment. To the extent that the documents and information provided are not sufficient to enable plaintiffs to respond to defendants' motion for summary judgment, plaintiffs can seek additional, more focused discovery under Rule 56(f), Fed. R.Civ.P., before responding on the merits to the summary judgment motion.

### B. Attorney–Client Privilege and Work Product Doctrine

Defendants assert that Interrogatory Nos. 8 and 10 seek information protected by the attorney work product doctrine. They also assert that Document Request No. 5 requests information protected by the attorney-client privilege. Document Request No. 5 seeks "copies of contracts for legal services and all legal bills paid by the USAir Pension Plan Administrator ('Defendant') from 1970 to the present." Defendants state that plaintiffs orally amended the request to encompass contracts and bills paid by USAir in any capacity relating to the Plan.

Plaintiffs argue that USAir cannot assert the attorney-client or work product privilege because the beneficiaries of the Pension Plan, and not USAir, are the true clients of any attorney giving advice with respect to the Plan and therefore that the privilege cannot be asserted against them. Defendants respond that "USAir has never sought legal advice related to the *administration* of the plan," but only as a *sponsor* of the plan in its capacity as employer. Defs.' Opp. at 9 (emphasis added). Since they only assert the privilege in their capacity as plan sponsor or employer and not as plan administrator, they argue, the attorney-client and work product privileges apply.

■ "When an attorney advises a fiduciary about a matter dealing with the administration of an employees' benefit plan, the attorney's client is not the fiduciary personally but, rather, the trust's beneficiaries." *Washington–Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543

F.Supp. 906, 909 (D.D.C.1982). As a result, it is established that a plan administrator cannot assert the attorney-client privilege to protect communications relating to plan administration from disclosure to the trust's beneficiaries because the beneficiaries are the true clients. *Id.* at 910; *see Koch v. Exide Corp.*, 1989 WL 49515, *49515 (E.D.Pa.1989). Thus, when an employer seeks legal counsel as plan administrator with respect to plan administration, the communications sought to be protected were made for the benefit of the plan participants and they are entitled to see them. The employer "cannot subordinate the fiduciary obligations owed to the beneficiaries to [its] own private interests under the guise of attorney-client privilege." *Washington–Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F.Supp. at 909.

■ On the other hand, the fiduciary duty that attaches to the administration of the plan does not usually attach to an employer's decision to form, amend or terminate a plan. *Champ v. American Public Health Assoc.*, 8 E.B.C. 2217, 2221 (D.D.C.1987) (Hogan, J.); *Chait v. Bernstein*, 645 F.Supp. 1092, 1098 (D.N.J.1986). The attorney-client privilege therefore does attach to attorney-client communications with respect to the nonfiduciary activities of the employer. *Koch v. Exide Corp.*, 1989 WL at *49515. Thus, when an employer seeks legal counsel *solely* in its role as employer regarding issues other than plan administration, the employer (not the beneficiaries) is the client and may legitimately assert the attorney-client privilege.

■ In this case, USAir, the administrator of the Pension Plan, has not demonstrated that there are attorney-client communications responsive to Document Request No. 5 that relate *solely* to its nonfiduciary activities or to the formation, amendment or termination of the pension plan. Nor has it demonstrated that any such documents that may exist are wholly unrelated to plan administration and have not been used in connection with defendants' role as plan administrator. Accordingly, absent a demonstration by defendants that the attorney-client privilege

bars discovery of any particular document sought by Document Request No. 5, defendants must comply within 14 days with the Document Request under the principles announced herein.

■ The analysis with respect to the attorney work product privilege is somewhat different but the result is not. Lawyers who act for fiduciaries of an employee benefit plan may assert the work product privilege since the privilege belongs, at least in part, to the attorney. *Koch v. Exide Corp.*, 1989 WL at *49520; *Donovan v. Fitzsimmons*, 90 F.R.D. 583, 588 (N.D.Ill.1981). But generally they may not invoke it to shield their attorney work product from their own ultimate clients, the plan beneficiaries. Accordingly, defendants may assert the work product privilege with respect to Interrogatory Nos. 8 and 10 and Document Request No. 5 to the extent that they call for information and documents that were prepared expressly in anticipation of litigation except insofar as they were prepared in anticipation of litigation on behalf of the plan beneficiaries. The burden is on them, however, to demonstrate that the information and documents were in fact prepared in anticipation of such litigation and not for the benefit of the plan beneficiaries. *Koch v. Exide Corp.*, 1989 WL at 4520.

Finally, defendants may defer their responses to Document Request Nos. 13 through 15 until January 15, 1996. Defendants represent that they need the extra time because the responses to these interrogatories involve pulling documents from individual pilot files. Plaintiffs will not be prejudiced by this delay.

SO ORDERED.