Sprague v. Liberty Mutual Ins. Co.    CV-96-375-B    01/12/98  P

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Charlene L. Sprague

    v.                                    Civil No. 96-375-B

Liberty Mutual Insurance Co.


**O R D E R**

In response to the Order of November 6, 1997 (document no. 42) and the Order of November 14, 1997, plaintiff has filed a "Motion to Allow Expert Testimony" (document no. 47).  Plaintiff has identified three expert witnesses: Dr. Usher, a neurologist; Dr. Easter, a psychiatrist; and Ms. Serrano, a psychologist. Each of these individuals treated plaintiff.  Defendant objects to the motion and any testimony from these witnesses on the basis that the disclosure of these witnesses is untimely and inadequate for failure to provide the report mandated by Fed. R. Civ. P. 26(a)(2)(B).  Plaintiff argues that the required disclosure is restricted to the identification requirement of Rule 26(a)(2)(A) and that her disclosure was timely under both the approved discovery plan and Rule 26 requirements.

<u>Timeliness of Disclosure</u>

The time for disclosure of expert witnesses is set by Rule 26(a)(2)(C), which provides in pertinent part:

> . . . disclosure shall be made at the times
> and in the sequence directed by the court.

In the absence of other directions from the court or stipulation by the parties, the disclosure shall be made at least 90 days before the trial or the date the case is to be ready for trial.

The parties filed a joint "Discovery Plan" which was approved and adopted as the court's order (document no. 10). The approved plan contained the stipulation that plaintiff was required to "disclose all <u>retained</u> experts under Rule 26(a)(2) by February 1, 1997."[1] The plan does not address a disclosure date for experts who are not retained. The parties, not the court, chose the language used in the approved plan. That language will be afforded its common meaning which, in this case, means disclosure dates were set only for experts who were hired to testify.

As of February 1, 1997 plaintiff did not disclose any retained experts and provided no reports. Plaintiff states that she has not "retained" Dr. Usher, Dr. Easter or Ms. Serrano. Defendant has offered no evidence to the contrary. The record is clear that plaintiff's counsel was not only relying upon his perceived distinction between a "retained" expert and a treating physician who was not retained for litigation before the February 1st date, but clearly conveyed his understanding to defense

_____

[1] Contrary to defendant's memorandum this language in no way suggests that plaintiff was required to disclose "the identity of <u>any</u> person who . . . (will). . . present evidence under Rule 702, 703 or 705. . .." I believe defense counsel overlooked the actual language of the approved Discovery Plan.

2

counsel.[2] Defense counsel neither deposed these doctors nor protested counsel's stated distinction. Defense counsel made no attempt to discuss and resolve with plaintiff's counsel in January or February 1997[3] their obviously variant interpretations of Rule 26(a)(2)(A) and (B) and of the discovery plan. Apparently, as a result of a tactical decision, defendant declared no expert and waited until September 1997 to announce its position that plaintiff had no expert.[4]

The evidence submitted establishes conclusively that plaintiff did not hire any of the proffered experts to provide expert testimony. Plaintiff was not required, therefore, to disclose any of these experts by February 1, 1997.[5] Since plaintiff's non-retained experts were not the subject of the scheduling order under Rule 26(a)(2)(C), they had to be disclosed

---

[2] In January 1997, plaintiff answered defendant's Interrogatory #21 (requesting the identity of retained experts) as follows:
> No expert as such, per FRCP Rule 26, but I do anticipate calling Dr. Gary Usher and/or Dr. Karl Sonzenbacher, my neurologists, whose reports are in your possession . . .

[3] The answer to interrogatory leaves no doubt as to plaintiff's counsel's view of Rule 26(a)(2)(A) and (B) requirements.

[4] A courageous but very risky strategy in view of the harshness of Fed. R. Civ. P. 37(c)(1).

[5] Dr. Usher was clearly identified prior to that date.

90 days before the ready for trial date. Disclosure was thus required in or before September 1997. Dr. Usher was identified by answer to interrogatory #21 in January 1997. Dr. Easter, whom plaintiff was first treated by on March 3, 1997, and Ms. Serrano were clearly identified to defendant well before September 1997, since they provided records, examination and treatment notes directly to defendant. Defense counsel was obviously aware of each treating expert since counsel marked records from each at plaintiff's August 5, 1997, deposition. What is not clear from the record before me is when, if ever (before the motion at issue), plaintiff's counsel "disclosed" to defense counsel that Easter and Serrano were "person(s) who may be used at trial to present evidence . . ." as an expert. Fed. R. Civ. P. 26(a)(2)(A). "Disclosure" is required to be in writing, signed and served, but not filed with the court. See, LR 26.1(d), Fed. R. Civ. P. 26(a)(4). Although there is no basis in the record to determine whether counsel ever provided the required disclosure in writing, given the confused state of the record, the obvious lack of understanding of Rule 26(a)(2) by both counsel, the timely production of the records of the "experts," and the court's preference that matters be decided on the merits, I find that Usher was timely disclosed and that Usher, Easter and Serrano should not be precluded from testifying on the basis of a

4

failure to timely disclose them in writing under Rule 26(a)(2)(A).

## Rule 26(a)(2)(B) Disclosure

Rule 26(a)(2)(A) requires the disclosure of all experts. However, written reports are only required of those experts "who (are) retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. . .." Fed. R. Civ. P. 26(a)(2)(B). The Advisory Committee notes explain that a treating physician may testify without any requirement for a written report. Fed. R. Civ. P. 26(a)(2), Advisory Committee's Notes, 1993 amendment. Although the language of the rule, which differentiates between retained and unretained experts, and of the advisory note as to treating physicians is seemingly straight forward, it has spawned considerable debate in the bar and numerous cases across the country.

Defendant takes the position that a treating physician is permitted to testify without Rule 26(a)(2)(B) compliance only as a fact witness as to observations made during the course of treatment. A report is required, defendant asserts, when such a physician's testimony "extend(s) to classic expert opinion." Document 49, p.9. Defendant cites two federal decisions in support of this position: Thomas v. Consolidated Rail Corp., 169

5

F.R.D. 1, 2 (D.Mass. 1996); and <u>Widhelm v. Wal-Mart Stores, Inc.,</u> 162 F.R.D. 591, 593 (D.Neb. 1995). While these cases support defendant's contention, every court which has considered them has either expressly declined to follow them or has distinguished or modified them. <u>See</u>, <u>Salas v. U.S.,</u> 165 F.R.D. 31, 33 (W.D.N.Y. 1995); <u>Shapardon v. West Beach Estates</u>, 172 F.R.D. 415, 417 (D. Haw. 1997); <u>Lauria v. Nat. Railroad Passenger Corp.,</u> 1997 WL 138906, at *2 (E.D.Pa. March 24, 1997); <u>Sullivan v. Glock, Inc.,</u> 1997 WL 621558, at *3 (D.Md. Sept. 29, 1997).

The question posed in <u>Thomas</u> was "(w)hen does a treating physician cross over the boundary to become the sort of expert as to whom disclosure is required and . . . a report as required by Fed. R. Civ. P. 26(a)(2)(B) should be provided(?)" <u>Thomas</u>, 169 F.R.D. at 2. That is the central issue in this case. In <u>Thomas</u> and <u>Widhelm</u> the court required a Rule 26(a)(2)(B) report if the physician opined as to causation, prognosis and permanent disability rating. The majority of other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment.[6] <u>See</u>, <u>Salas</u>, 165 F.R.D. at 33;

---

[6] The parties have not cited and I have not found any case by the First Circuit Court of Appeals nor any decisions from this court which directly addresses the question.

<u>Shapardon</u>, 172 F.R.D. at 4167; <u>Sullivan</u>, 1997 WL 621558, at *3; <u>Lauria</u>, 1997 WL 138906, at *2; <u>Piper v. Harnischfeger Corp.</u>, 170 F.R.D. 173, 175 (Nev. 1997); <u>Garza v. Abbott Lab.</u>, 1996 WL 494266, at *3, (N.D.Ill. Aug. 27, 1996); <u>Edwards v. Scott Paper Co.</u>, 1997 WL 288578, at *2, (E.D.Pa. May 23, 1997); and <u>Bucher v. Gainey Transp. Serv.</u>, 167 F.R.D. 387 (M.D.Pa. 1996). Several other courts have also not required Rule 26(a)(2)(B) disclosures as to opinions on causation. <u>See e.g.</u>, <u>Wreath v. United States</u>, 161 F.R.D. 448, 450 (D. Kan. 1995); <u>Baker v. Taco Bell Corp.</u>, 163 F.R.D. 348, 351 (D. Colo. 1995); <u>Harlow v. Eli Lilly & Co.</u>, 1995 WL 319728, at *2 (N.D.Ill. May 25, 1995).

I am persuaded that the majority view of Rule 26(a)(2) is correct. The structure of Rule 26(a)(2) provides a clear distinction between the "retained" class of experts and the unretained class of experts. While all experts must be disclosed under Rule 26(a)(2)(A), only "retained" experts must provide Rule 26(a)(2)(B) reports. The distinction is both fair and logical.

A principle purpose of Rule 26(a)(2) is to permit a "reasonable opportunity to prepare for effective cross examination and . . . arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), Advisory Committee's Notes, 1993 amendment, ¶(2). The unretained experts, who formed opinions from pre-litigation observation, invariably have files

7

from which any competent trial attorney can effectively cross-examine.  The retained expert, who under the former interrogatory rule frequently provided sketchy and vague answers, has no such files and is thus required to provide the report to enable effective cross-examination.  This reading puts unretained experts, because of their historical file, and retained experts, because of the required report, on equal footing for cross-examination purposes.[7]

Plaintiff's expert witnesses are treating physicians and a treating psychologist from whom reports are not required, provided that all opinions they express are formed on the basis of their treatment of plaintiff.  If plaintiff has specially employed any of these experts as to any particular opinion, plaintiff is to serve a Rule 26(a)(2)(B) report with respect to that opinion within ten (10) business days of the date of this order.

In an effort to avoid any further dispute over this expert witness issue, I adopt the view that an expert who is not retained or specially employed is not subjected to Rule 26(a)(2)(B)'s reporting requirements just because he is paid for his time to testify.  <u>See</u>, <u>Brown v. Best Foods, a Division of CPC</u>

---

[7] Rule 26(b)(4)(A) continues the distinction between retained and unretained experts and substantiates this reading of the rule that the distinction was, in fact, deliberately made.

International, Inc., 169 F.R.D. 385, 388 n.3 (N.D. Ala. 1996).[8] This view is consistent with the rule that an unretained expert is protected from required expert testimony unless reasonable professional compensation is paid for the expert's time. See Fed. R. Civ. P. 45(c)(3)(B)(iii).

In the future, the disclosure required of all prospective testifying experts under Rule 26(a)(2)(A), in the form required by Rule 26(a)(4), on the date determined under Rule 26(a)(2)(C), will be strictly enforced. While it is probably folly to assume that in the future counsel will not seek to cloak "retained" experts in unretained expert guise, or that counsel will not seek to define unretained experts as retained in an effort to preclude their testimony, Rule 11 and Rule 37(c)(1) should give them pause.

The motion (document no. 47) is granted. In the interest of justice the court also grants (in part) defendant's motion to conduct additional discovery (document no. 50) and sets the following schedule to complete discovery:

---

[8] But see, Smith v. State Farm Fire and Casualty Co., 164 F.R.D. 49, 55-6 (S.D.W.Va. 1995).

1.    If plaintiff has retained or specially employed any of the "treating physician" experts with respect to any opinion, a Rule 26(a)(B) report is to be served withing ten (10) business days.

2.    Defendant is given thirty (30) calendar days to depose plaintiff's experts.

3.    Within the next thirty (30) calendar days, plaintiff is required to submit to a medical examination and a mental examination by Liberty's retained experts (neither examination is to exceed four hours).  Defense counsel is to disclose to plaintiff's counsel within ten (10) days the proposed time, place, manner, conditions, and scope of each examination, as well as the identity and credentials of each proposed examiner.  Any unresolved disputes which require decision by the court will result in Rule 37 sanctions to one counsel.

4.    Defendant's Rule 26(a)(2)(B) report will be served within forty-five (45) days.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 12, 1998

cc:  Edward T. Clancy, Esq.
     Philip B. Currier, Esq.
     Mary E. O'Neal, Esq.

10