This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Baxley

Mailed: March 22, 2013

Cancellation No. 92055285

RTX Scientific, Incorporated

v.

Nu-Calgon Wholesaler, Inc.

**Andrew P. Baxley, Interlocutory Attorney:**

In the above-captioned proceeding, RTX Scientific, Inc. ("petitioner") seeks to cancel Nu-Calgon Wholesaler, Inc.'s ("respondent") registration for the following mark,

, for "cleaning preparation for air conditioning or refrigeration coils" in International Class 3.[1] As grounds for cancellation, petitioner alleges that: (1) the mark is merely descriptive under Trademark Act Section 2(e)(1), 15 U.S.C. § 1052(e)(1), and has not acquired distinctiveness; (2) the mark comprises matter that, as a whole, is functional under Trademark Act Section 2(e)(5), 15 U.S.C. §

---

[1] Registration No. 3888696, issued December 14, 2010. The registration includes a claim of distinctiveness under Trademark Act Section 2(f), 15 U.S.C. § 1052(f), and includes the following statements: "The color(s) blue is/are claimed as a feature of the mark. The mark consists of the color blue as applied to the liquid portion of the goods inside the container. The dotted outline of the goods is intended to show the position of the mark on the goods and is not part of the mark."

1052(e)(5); and (3) the mark is generic.[2]  Respondent, in its answer, denied the salient allegations of the petition to cancel.

On October 26, 2012, petitioner filed an expert disclosure statement with the Board wherein it identified Roger Holder as an "unretained expert" and indicated that, on October 10, 2012, it served on respondent an expert disclosure statement, in accordance with TBMP Section 401.03 (3d ed. rev. 2012) and Fed. R. Civ. P. 26(a)(2)(C).[3]

This case now comes up for consideration of respondent's motion (filed November 6, 2012) to exclude the expert testimony of Roger Holder or to compel a written expert report under Fed. R. Civ. P. 26(a)(2)(B) prepared and signed by Mr. Holder.  The motion has been fully briefed.

---

[2] Petitioner also alleges fraud, but that claim is legally insufficient.  In particular, (1) such claim is made upon information and belief without setting forth specific facts upon which that belief is based, and (2) such claim does not include an allegation that the false, material representation of fact at issue was made with the intent to deceive the USPTO into issuing a registration to which respondent was not entitled.  *See In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938 (Fed. Cir. 2009).

[3] Any party disclosing plans to use an expert must notify the Board that it has made the required disclosure (but should not file with the Board copies of the materials provided to adverse parties) to comply with Fed. R. Civ. P. 26(a)(2).  It is unclear why petitioner waited sixteen days to notify the Board that it had made expert disclosures.  The better practice is to notify the Board concurrently with disclosure to the adverse party.

The Board does not make prospective or hypothetical evidentiary rulings. *See, e.g., Greenhouse Systems Inc. v. Carson*, 37 USPQ2d 1748, 1750 (TTAB 1995) (the Board does not consider motions in limine). Thus, to the extent that respondent moves to exclude Mr. Holder's testimony, the motion is denied as premature. *See* Trademark Rules 2.123(c) and (e)(3); TBMP Sections 527.01(f) and 533.02.

Turning to the alternative motion to compel petitioner to produce an expert report prepared and signed by Mr. Holder, a motion to compel is among the remedies available to a party alleging that its adversary has served inadequate disclosures. *See Influance Inc. v. Zuker*, 88 USPQ2d 1859, 1860 n.3 (TTAB 2008); TBMP Section 523.01. The Board finds initially that respondent made a good faith effort to resolve the parties' dispute prior to seeking Board intervention, in compliance with Trademark Rule 2.120(e)(1).

In support of the motion to compel, respondent asserts that, in petitioner's expert disclosure and supplemental expert disclosure, petitioner has improperly provided only limited information regarding the witness and his expected testimony, and "appears to be relying on Fed. R. Civ. P. 26(a)(2)(C) to claim that Mr. Holder does not need to provide a written report." Specifically, respondent notes

that petitioner has not provided the more detailed written report required of a witness "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," under Fed. R. Civ. P. 26(a)(2)(B). Respondent included copies of petitioner's expert disclosure and supplemental expert disclosure as exhibits to its motion.

Petitioner, in its brief in response, admits that "Mr. Holder is a third-party witness that is capable of providing expert testimony." However, petitioner asserts that it did not retain Mr. Holder; that he is not specially employed by petitioner; that he has not been, and will not be, compensated by petitioner; and that he has not prepared any report for petitioner. Petitioner further asserts that district courts distinguish between retained and unretained expert witnesses; that Rule 26(a)(2)(B) does not require written reports with regard to unretained expert witnesses; and respondent can seek information from Mr. Holder by the subpoena *duces tecum* procedure under Fed. R. Civ. P. 45. Accordingly, petitioner contends that it need not comply with the requirements for a written report of Fed. R. Civ.

P. 26(a)(2)(B) and therefore asks that the Board deny respondent's motion.[4]

In reply, respondent asserts that it will be unfairly surprised and prejudiced by allowing unretained expert witness testimony without a written report; that the Board does not distinguish between retained and unretained experts and "routinely requires written reports to be submitted in those rare cases where expert witnesses are actually used"; and that expert witnesses may be considered retained even where they are not compensated.

The Board has noted that "expert testimony is expensive and typically not utilized in Board proceedings." Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42,242, 42,254 (August 1, 2007). In addition, the Board previously has distinguished only between testifying and consulting experts, the latter of whom were not expected to testify. Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42,242, 42,246 (August 1, 2007). However, when a testifying expert is utilized in a Board proceeding, the party's planned use of the expert witness is largely

---

[4] The parties do not dispute that petitioner has complied with the requirements of Fed. R. Civ. P. 26(a)(2)(A) & (C). The instant motion focuses solely on whether petitioner need provide a written report prepared and signed by its expert witness.

governed by Fed. R. Civ. P. 26(a)(2). Trademark Rule 2.120(a)(2).

The 2010 amendment to Fed. R. Civ. P. 26(a)(2) makes it clear that there is a distinction between an expert witness who is required to provide a report and one who is not. Respondent's reliance on the discussion in *General Council of the Assemblies of God v. Heritage Music Foundation*, 97 USPQ2d 1890, 1891 (TTAB 2011) concerning the requirement of a written report from "any" expert witness is unavailing. The circumstances in that case, as well as the issues it presented (including whether the written report was defective), and the fact that the circumstances at issue arose prior to the effective date of the 2010 amendment, make that case distinguishable from the circumstances and issue presented herein (i.e., whether a written report is required). *See also* TBMP Section 401.03. The question presented by the instant case is a matter of first impression for the Board.

The applicable federal rule provides that "a party must disclose ... the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[5] Fed. R. Civ. P. 26(a)(2)(A). Under

---

[5] Federal Rule of Evidence 702 states as follows:

Fed. R. Civ. P. 26(a)(2)(B), an expert "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[6]  Thus, courts distinguish between

---

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.
Rule 703 states as follows:
An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.  If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.  But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.
Rule 705 states that "[u]nless the court orders otherwise, an expert may state an opinion — and give the reasons for it — without first testifying to the underlying facts or data.  But the expert may be required to disclose those facts or data on cross-examination."

[6] That report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;

retained and specially employed experts, who must provide written reports, and unretained experts, who do not.[7] *See, e.g.*, *Aumand v. Dartmouth Hitchcock Med. Ctr.,* 611 F. Supp. 2d 78, 88 (D.N.H. 2009).

In an effort to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement," Rule 26(a)(2)(C) was added, effective December 1, 2010. Fed. R. Civ. P. 26(a)(2)(C) advisory committee notes (2010). Rule 26(a)(2)(C) expressly addresses witnesses who do not need to provide a written report. The purpose of the Rule 26(a)(2)(C) was to emphasize that a Rule 26(a)(2)(B) "report is required **only** from an expert described in (a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(C) advisory committee notes (2010) (emphasis added).

---

 (iii) any exhibits that will be used to summarize or support them;
 (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
 (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
 (vi) a statement of the compensation to be paid for the study and testimony in the case.
Fed. R. Civ. P. 26(a)(2)(B).

[7] Under Fed. R. Civ. P. 26(a)(2)(C), a witness who is not required to provide a Rule 26(a)(2)(B) report need only disclose "(i) the subject matter on which the witness is expected to present evidence ... [and] (ii) a summary of the facts and opinions to which the witness is expected to testify."

The United States Court of Appeals for the First Circuit, in *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011), stated as follows with regard to Rule 26(a)(2)(B):[8]

> [T]o give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. ... This point is most aptly illustrated by the distinction that courts have drawn between treating physicians and physicians recruited for the purpose of giving expert opinion testimony. ... [Where] the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B). ... While we acknowledge that the difference between an opinion formulated by an on-the-scene expert during treatment (e.g., by a treating physician) and one formulated by an expert hired in anticipation of testimony does not leap off the page, a close reading of the text of Rule 26(a)(2)(B) convinces us that this is the precise distinction that the drafters of the rule had in mind.

*See also Southard v. State Farm Fire and Cas. Co.*, Case No. 4:11-cv-243, 2013 WL 209224, at *3 (S.D. Ga. January 17, 2013), citing *Downey v. Bob's Discount Furniture Holdings, Inc., supra* at 6.

---

[8] The First Circuit, in *Downey*, made its decision based on Rule 26(a) as it existed at the time of the trial, but noted that the 2010 amendment to that rule reinforced its interpretation of that rule. *Downey v. Bob's Discount Furniture Holdings, Inc., supra* at 7 n.4.

In tort and personal injury cases, the on-the-scene involvement of an expert not required to provide a written report typically arises from the expert's participation, in some way, in the ongoing sequence of events that gave rise to the litigation in question.[9] Examples include: treating physicians (*see Sprague v. Liberty Mut. Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998); Fed. R. Civ. P. 26(a)(2)(C) advisory committee notes (2010)); treating pesticide professionals (*see Downey v. Bob's Discount Furniture Holdings, Inc., supra);* and treating water damage remediation professionals *(see Southard v. State Farm Fire and Cas. Co., supra).*

Board *inter partes* proceedings are based upon a plaintiff's stated belief of damage arising from registration of a mark. *See* Trademark Act Sections 13(a) and 14, 15 U.S.C. §§ 1063(a) and 1064. Unlike tort or personal injury cases, there are usually no specific incidents -- e.g., automobile accidents, floods, or bedbug infestations -- that give rise to those proceedings. Thus, in Board *inter partes* proceedings, an expert is typically recruited on the basis of experience in the relevant trade

---

[9] "A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(C) advisory committee notes (2010).

or industry and not on the basis of his personal knowledge of or on-the-scene involvement in any sequence of events that gave rise to the Board proceedings. See, e.g., *Corporacion Habanos, S.A. v. Guantanamera Cigars Co.*, 102 USPQ2d 1085 (TTAB 2012) (tobacconist offered expert testimony regarding Cuban cigar brands in the United States); *UMG Recordings, Inc. v. Mattel, Inc.*, 100 USPQ2d 1868 (TTAB 2011) (a musicologist and a marketing professional offered expert testimony regarding the significance of the term MOTOWN); *Kistner Concrete Products, Inc. v. Contech Arch Technologies, Inc.*, 97 USPQ2d 1912 (TTAB 2011) (patent attorney and civil engineers specializing in structural engineering). Where an expert's opinion testimony arises from his enlistment as an expert and not from an on-the-scene involvement in any incidents giving rise to the litigation, that expert is "retained" for purposes of Rule 26(a)(2)(B) and that rule therefore requires a written report.[10] *See Downey v. Bob's Discount Furniture Holdings, Inc., supra* at 6.

---

[10] Failure to comply with Rule 26(a)(2) may result in a party being precluded from "us[ing] that witness or relevant expert information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009). *See* Fed. R. Civ. P. 37(c)(1).

In this case, Mr. Holder is identified in petitioner's expert disclosures as an "expert" who is "expected to testify regarding the HVAC/R industry, training provided by the Refrigeration Service Engineers Society to HVAC/R contractors and technicians, methods and practices of HVAC/R contractors, the functionality of [respondent's] claimed trade dress, and the lack of distinctiveness ... of [respondent's] claimed trade dress."  In the supplemental expert disclosure, petitioner states that Mr. Holder "will testify that the use of 'blue' for alkaline coil cleaners has been common in the industry for over a decade and that color-codes for liquids are also common in the industry."

These disclosures indicate that Mr. Holder had no on-the-scene involvement in or personal knowledge of any incidents giving rise to this proceeding, but rather will offer expert testimony regarding the use of the color blue for alkaline coil cleaners in the HVAC industry.  Further, the disclosures suggest that Mr. Holder has reviewed evidence supplied by petitioner regarding the alleged functionality and lack of distinctiveness of respondent's trade dress in preparation of such expert testimony.  As such, Mr. Holder is a "retained" expert witness, and petitioner must provide a written report regarding Mr.

Holder's intended expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Contrary to petitioner's arguments, neither the language of Rule 26(a)(2) nor the aforementioned case law indicates that whether or not a witness is "retained or specially employed to provide expert testimony" is determined by whether or not a party has control over the expert's time and testimony or compensates the expert. Thus, the facts that Mr. Holder is not an employee of petitioner and that he is not being compensated are not controlling. *Cf. Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1375, 85 USPQ2d 1641, 1649-50 (Fed. Cir. 2008) (given witness's role as inventor, mere fact that he was not being compensated did not exempt him from furnishing an expert report as a witness who will be giving scientific testimony).

In view thereof, respondent's motion to compel is granted. Petitioner is allowed until thirty days from the mailing date set forth in this order either to: (1) serve a written report in compliance with Rule 26(a)(2)(B) prepared and signed by Mr. Holder and his proposed

testimony, or (2) amend its expert disclosures to delete Mr. Holder as an expert witness.[11]

Proceedings herein are resumed. The discovery period is extended to allow respondent an opportunity to take a discovery deposition of petitioner's expert witness and to obtain a rebuttal expert witness, should it so desire. Remaining dates are reset as follows.

| | |
|---|---|
| Expert Disclosures Due | 4/21/2013 |
| Discovery Closes | 5/21/2013 |
| Plaintiff's Pretrial Disclosures Due | 7/5/2013 |
| Plaintiff's 30-day Trial Period Ends | 8/19/2013 |
| Defendant's Pretrial Disclosures Due | 9/3/2013 |
| Defendant's 30-day Trial Period Ends | 10/18/2013 |
| Plaintiff's Rebuttal Disclosures Due | 11/2/2013 |
| Plaintiff's 15-day Rebuttal Period Ends | 12/2/2013 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

---

[11] The foregoing discussion on this question of first impression should not be interpreted as an indication either that the Board's view of what type of nonparty testimony constitutes expert testimony for Board *inter partes* proceedings has changed, or that such testimony is necessary as a routine matter.

If either of the parties or their attorneys should have a change of address, the Board should be so informed promptly.