Upon review of the submissions of the parties; and

Having considered the arguments raised by the parties at the hearing on December 5, 1995; and

For the reasons set forth in the court's opinion of this date; and

For other good cause;

IT IS on this 6th day of December 1995;

**ORDERED** that Porzio, Bromberg & Newman, P.C.'s Emergent Motion, Pursuant to Rules 5.2 and 11.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands for an Order Granting Leave to Withdraw as Counsel for the Laga Defendants is hereby **DENIED;** and it is further

**ORDERED** that the Porzio Firm will continue to represent the Laga Defendants including the Panex Industries Inc., Stockholders' Liquidating Trust until further order of this court.

No costs.

Dorothy Evelyn **HALL,** Plaintiff,

v.

Darcell D. **SYKES,** Defendant,

and

**Nationwide Mutual Insurance Company, Respondent.**

No. 2:95CV110.

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 30, 1995.

Timothy Todd Blank, Lowell A. Stanley, William Magruder McKee, Norfolk, VA, for plaintiff.

Lynn Ellen Watson, Thomas Charles Dawson, Jr., Heilig, McKenry, Fraim & Lawlor, Norfolk, VA, for respondent.

## ORDER

MILLER, United States Magistrate Judge.

This matter comes before the Court on the Plaintiff's Motion to Exclude Treating Health Care Providers from the requirement of preparing a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) (hereinafter called expert written report).

The defendant opposes the motion on a variety of grounds. First, the defendant contends that if the treating physician is paid to come to court to testify, then the treating physician is specially retained and should be required to submit an expert written report. Secondly, defendant contends that if the treating physician is not required to submit such a report, then the treating physician's testimony should be limited to opinions held during the course of the treatment. Thirdly, the defendant contends that if the treating physician is called to testify after treatment

has ended and is required to review notes of the treatment then the treating physician should be required to prepare an expert written report. Finally, the defendant contends that under no conditions should a treating physician be allowed to testify as to causation or prognosis without submitting an expert written report.

It is conceded by counsel that treating physicians are experts whose identify must be disclosed pursuant to Fed.R.Civ.P. 26(a)(2)(A).[1]

Counsel for the plaintiff has in fact disclosed the identity of four medical doctors and three chiropractors to the defendant in this case. Counsel represented that the plaintiff's medical records created by these health care providers have also been provided to the defendant. It is also undisputed that the defendant may depose these eight health care providers if the defendant so chooses.

The basic issue is when does a treating physician become a specially retained expert as defined in Fed.R.Civ.P. 26(a)(2)(B) so that an expert written report must be prepared. The notes of the Advisory Committee to the 1993 Amendments to Rule 26 of the Federal Rules of Civil Procedure stated:

For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular ex-

perts or imposed upon additional persons who will provide opinions under Rule 702. Thus the Advisory Committee specifically suggested that a treating physician is generally not required to present an expert written report. The Court will now address the basis for requiring an expert written report.

 Merely paying a fee to a treating physician to attend a deposition or to testify in court does not make that treating physician a specially retained or employed expert so as to require the preparation of an expert written report. It is traditional that doctors are compensated for their time when required to testify. As long as the compensation is merely for the time a treating physician spends in depositions or in trial, then the treating physician is not converted into a specially retained expert. This conclusion also applies to a treating physician who writes a letter summarizing the course of the treatment of the patient and charges a fee for the time spent writing such a letter.

 If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed.R.Civ.P. 26(a)(2)(B). The expert written report requirements adopted in 1993 were not designed to create roadblocks to discovery or to substantially increase the cost of litigation in a case. Traditionally, treating physicians have been permitted to express their opinions of causation and prognosis derived from the ordinary treatment of the patient. Treating physicians will continue to be able to present such opinions without preparing an expert written report. Defendants may still discover those opinions through interrogatories, requests for production of documents, and depositions of the treating physicians. However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based on factors that were not learned in the course of the treatment of

---

1. Fed.R.Civ.P. 26(a)(2)(A) reads:

 In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

the patient, then such a doctor would be required to present an expert written report.

■ The Court denies the defendant's request to require a treating physician whose treatment of the patient has ended to prepare an expert disclosure report merely because the treating physician must review his or her notes prior to testifying about the treatment. This theory of the defendant strains any proper interpretation of the Advisory Committee Notes and the presentation of testimony of treating physicians. Under this approach, virtually every emergency room physician would be required to prepare and present an expert disclosure report because the emergency room physician's treatment ended when the patient left the emergency room. Out of necessity the emergency room physician reviews hospital notes in order to testify about the treatment. The incredible effort and expense that such a requirement would cause flies in the face of all attempts to reduce the expense and delay of litigation.

■ Counsel for the plaintiff advised the Court during oral argument that the attorney for the plaintiff had referred the plaintiff to at least one chiropractor for treatment. Counsel said that a list was given to the plaintiff and the plaintiff went to one of the chiropractors. Such a reference by an attorney to a physician for treatment raises the appearance that the physician was specially retained to provide expert opinion. Therefore an expert written report is required. The plaintiff must identify to the defendant all medical care providers to whom the attorney referred the plaintiff. These medical care providers are required to prepare an expert written report because the Court concludes that when an attorney selects the physician for treatment as well as testimony it is presumed that the physician was selected for expert testimony. There may be a case where the attorney referral to a physician is not a special retention of such medical care provider by the attorney and the plaintiff, but the facts presented to date do not convince the Court that the doctor was not specially retained for the purpose of testimony as well as treatment.