**Russell P. PIPER and Daretha M. Piper, Plaintiffs,**

v.

**HARNISCHFEGER CORPORATION, a Delaware corporation, et al., Defendants.**

**No. CV–N–96–272–HDM (RAM).**

United States District Court, D. Nevada.

Jan. 17, 1997.

Peter D. Durney, Durney & Brennan, Ltd., Reno, NV, for Plaintiffs.

Eugene J. Wait, Wait & Shaffer, Reno, NV, for Defendant.

### *MEMORANDUM AND ORDER*

McQUAID, United States Magistrate Judge.

Plaintiffs have moved for Court Directive Regarding Disclosure of Expert Testimony (Doc. # 17). Defendant has filed a response (Doc. # 21). The disagreement between the parties is in the nature of a discovery dispute concerning the interpretation of Fed.R.Civ.P. 26(a)(2)(B). On January 14, 1997, the District Court referred the resolution of all discovery issues to the undersigned (Doc. # 25).

The issue before the court is whether or not a treating physician is subject to the requirements of Fed.R.Civ.P. 26(a)(2)(B) which provides that a written report must accompany the identity of a party's proposed expert witness. The Plaintiffs have identified certain treating physicians as expert witnesses to testify at trial, but claim that they are not required to produce a report for each one of these treating physicians pursuant to the requirements of Fed.R.Civ.P. 26(a)(2)(B). Defendant takes the position that *every* expert witness is subject to the report requirements of the rule.

Fed.R.Civ.P. 26(a)(2)(A) requires parties to disclose the identity of all expert witnesses. Fed.R.Civ.P. 26(a)(2)(B) requires that in addition to the identity of the expert, if the expert is ". . . retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony . . .", a written report must accompany the disclosure. The rule contemplates two different classes of experts: those retained or specially employed to give testimony in the case, and other witnesses who may qualify as an expert but are not retained or specially employed.

This distinction is also recognized in Fed. R.Civ.P. 26(b)(4)(A). That subsection allows depositions of "any person who has been identified as an expert whose opinions may be presented at trial", but if the expert is one from whom a report is required, "the deposition shall not be conducted until after the report is provided".

The notes of the Advisory Committee are also instructive in analyzing this issue. In discussing subdivision (a)(2) the notes state:

". . . The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report . . ." [1]

Defendant argues that treating physicians are exempt from the report requirement if they are only going to testify as to their "factual percipient observations", but are subject to the requirements of subdivision (a)(2)(B) if they go beyond factual observations and give opinions. Presumably, Defendant is referring to opinions on such matters

---

1. Fed.R.Civ.P. 26, Advisory Committee notes, p. 125.

as causation, future treatment, extent of disability and the like. The court believes that Defendant's view is too narrow and that the rule is not that restrictive.

It is common place for a treating physician during, and as part of, the course of treatment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. Opinions such as these are a part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirements of Fed.R.Civ.P. 26(a)(2)(B).

Other courts that have considered this issue have reached a similar conclusion. In *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo.1995), the court stated:

"The issue as to whether a treating physician is an expert pursuant to Rule 26(b)(4)(c) continues to be a problem. Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge and the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule. 26(b)(4)(C)"

*See also, e.g., Wreath v. United States*, 161 F.R.D. 448, 449 (D.Kan.1995) ("Clearly, treating physicians testifying only to the care and treatment afforded to a party were intended to be excluded from the requirements of Fed.R.Civ.P. 26(a)(2)(B)."); *Bucher v. Gainey Transportation Service of Indiana, Inc.*, 167 F.R.D. 387, 390 (M.D.Penn.1996) ("With respect to the claim that treating physicians do not need to submit expert reports, the plaintiffs are correct in so far as treating physicians are not required to submit expert reports when testifying on their 'opinion as to the cause of an injury based upon their examination, diagnosis and treatment of the patient.'"); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y.1995) ("The relevant question is whether these treating physicians acquire their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff."); *Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y.1996) ("Experts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation or for trial. A treating physician's testimony, however, is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient and not from information acquired from outside sources.").

## CONCLUSION

For the foregoing reasons, the treating physicians identified by Plaintiffs are not subject to the strict disclosure requirements of Fed.R.Civ.P. 26(a)(2)(B). The Defendant has been advised of the nature and substance of the witnesses opinions and has also been given the medical records generated by these physicians. The Defendant is free to depose the treating physicians if further discovery is desired.

**IT IS SO ORDERED.**