**Mary ELGAS, Plaintiff,**

v.

**COLORADO BELLE CORP., d/b/a Colorado Belle Hotel and Casino; and Does I through XXV, Defendants.**

No. CV–S–96–347–LDG–(RJJ).

United States District Court,
D. Nevada.

May 11, 1998.

Tom Davis, for Plaintiff.

Cam Ferenbach, Las Vegas, NV, for Defendant.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter was submitted to the undersigned Magistrate Judge on Defendant Colorado Belle Corporation's Motion to Strike Plaintiff's Expert Witness Designation (# 56). The Court has considered Defendant's Motion to Strike (# 56), the Defendant's Errata (# 59), the Plaintiff's Opposition (# 60), and the Defendant's Reply (# 68).

## BACKGROUND

On April 13, 1996, the Plaintiff, Mary Elgas, filed an amended complaint alleging disparate treatment, disparate impact, sexual harassment, retaliation, breach of contract, violation of public policy, and intentional infliction of emotional distress. Subsequently, the Court dismissed the Plaintiff's sixth cause of action for tortious discharge in violation of public policy.

Pursuant to the Court's original Scheduling Order, the Plaintiff had until February 24, 1997, to designate her expert witnesses. At the request of the parties, the Court extended the deadline to August 8, 1997. On August 8, 1997, the Plaintiff identified her experts. The disclosure identified James Bass and Dr. Kenneth Jackson, M.D.,[1] as experts. The disclosure also stated that the Plaintiff "is investigating the possibility of having a corporate security department expert testify at trial."

On September 5, 1997, Defendant, Colorado Belle's attorney sent Plaintiff's counsel a letter saying that the disclosure was inadequate. The Defendant's objections were that the Plaintiff failed to name or retain a corporate security department expert, failed to supply a signed report for Bass or Dr. Jackson, failed to list Dr. Jackson's qualifications, failed to provide information regarding publication, prior testimony or exhibits for either expert, failed to submit Dr. Jackson's compensation rate, and failed to give information regarding the basis for opinions or data considered for the opinions of either expert.

On September 17, 1997, the Plaintiff served a supplemental disclosure. The supplemental disclosure stated that "Dr. Jackson and/or Nurse Matcham will testify as to Ms. Elgas's medical condition while she was working at the Colorado Belle ... [and that] [t]hey will also act as both fact and expert witnesses." Additionally the supplemental disclosure said that "Dr. Jackson's office treated Ms. Elgas in a time frame which allowed the office to witness and testify to the destructive effects that the Colorado Belle's conduct had on Ms. Elgas while she was working at the Colorado Belle." Since the Plaintiff states that neither Dr. Jackson

---

1. The disclosure indicated that Nurse Practitioner, Joyce Matcham would "testify as to Ms. Elgas' medical condition while she was working at the Colorado Belle." No other information was provided regarding Ms. Matcham, including all items required by Rule 26(a)(2)(B).

or Matcham has been retained, the Plaintiff believes no other disclosure for these two witnesses is necessary.

The Plaintiff attached to the supplemental disclosure "Mr. Bass's Curriculum Vitae" and an expert report prepared by Bass. The supplemental disclosure also listed the compensation for Bass. Moreover, the Plaintiff stated that "Mr. Bass has previously testified about mental health issues in general. He has testified in various types of cases, but is unable to currently compile a specific list of cases." The Plaintiff advised that she would disclose the required information for the corporate security department expert upon retention. In response to the information submitted in the original disclosure and in the supplement disclosure, the Defendant filed this Motion to Strike (# 56).

## DISCUSSION

■ Rule 26(a)(2)(A)[2] of the Federal Rules of Civil Procedure requires a party to disclose the identity of all expert witnesses. Rule 26(a)(2)(B) adds that:

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

Subsection B requires the expert report to contain:

(1) a complete statement of all opinions to be expressed and the basis and reasons therefor;

(2) the data or other information considered by the witness in forming the opinions;

(3) any exhibits to be used as a summary of or support for the opinions;

(4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

(5) the compensation to be paid for the study and testimony; and,

(6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

"The rule contemplates two different classes of experts: those retained or specially employed to give testimony in the case, and other witnesses who may qualify as an expert but are not retained or specially employed." *Piper v. Harnischfeger Corp.,* 170 F.R.D. 173, 174 (D.Nev.1997). This dichotomy was recognized and explained in the advisory committee's notes. "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed.R.Civ.P. 26 advisory committee's notes. Since a treating physician's opinion on matters such as "causation, future treatment, extent of disability and the like" are part of the ordinary care of a patient, a treating physician may testify to such opinion without being subject to the extensive reporting requirements of Rule 26(a)(2)(B). *Piper v. Harnischfeger Corp.,* 170 F.R.D. at 174–175. "However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based on factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report." *Hall v. Sykes,* 164 F.R.D. 46, 48–49 (E.D.Va.1995); *see generally Piper v. Harnischfeger Corp.,* 170 F.R.D. at 175 (citing cases that support the requirement that a treating physician must acquire the opinions through treatment of a patient); *Shapardon v. West Beach Estates,* 172 F.R.D. 415, 417 (D.Haw.1997) (concluding that treating physicians' opinions based upon information received from outside sources, such as an independent medical examination report, would

**2.** Rule 26(a)(2)(A) provides in pertinent part: "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."

trigger the report requirement of Rule 26(a)(2)(B)).

■ "The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources'." *Reed v. Binder,* 165 F.R.D. 424, 429 (D.N.J.1996) (citations omitted). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Id.* Furthermore. Rule 26(a)(2)(B) appears "to require exact compliance in all particulars with the disclosures" requirement. *Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 503 (D.Md.1997) (citation omitted) (declaring "a literal reading of Rules 37(a)(3) and 37(c)(1) would result in the application of the automatic exclusion of an expert's trial testimony if there was not complete compliance with the requirements of Rule 26(a)(2)(B), unless the court finds that there was substantial justification for the failure to make complete disclosure or that failure to disclose is harmless").

### 1. Dr. Kenneth Jackson, M.D.

■ The Court needs only to decide whether Dr. Jackson is a treating physician subject to the Rule 26(a)(2)(B) expert report requirement. According to Plaintiff's supplemental disclosure, Dr. Jackson would testify about the Plaintiff's medical condition and act as both fact and expert witness. Additionally, Dr. Jackson would testify about the alleged destructive effects that Colorado Belle's conduct had on the Plaintiff while she worked at Colorado Belle. The Plaintiff argues that an expert report pursuant to Rule 26(a)(2)(B) is unnecessary because Dr. Jackson is not "retained or specifically employed to provide testimony" and is "a treating physician." The Plaintiff asserts that "Dr. Jackson has not been retained to give expert testimony, but rather will testify at trial as a fact witness, where he may be requested to give testimony to the area of his expertise, including opinions and the basis for such opinions." *See, e.g., Brown v. Best Foods, A Division of CPC Int'l, Inc.,* 169 F.R.D. 385, 388 n. 3 (N.D.Ala.1996) (discussing when a physician receiving compensation for expert testimony is "retained" or "specially employed"); *Smith v. State Farm Fire & Cas. Co.,* 164 F.R.D. 49, 54–56 (S.D.W.Va.1995) (discussing when experts who are neither fact witnesses nor treating physicians are not retained).

Treating physicians are not normally subject to the strict disclosure requirements of Rule 26(a)(2)(B). *Piper v. Harnischfeger Corp.,* 170 F.R.D. at 173–74; *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78 (D.N.H. 1998) (stating "[t]he majority of other courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment"). "[A] physician does not need to submit an expert report if planned testimony was acquired, 'not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit.'" *Bucher v. Gainey Transp. Serv. of Indiana, Inc.,* 167 F.R.D. 387, 390 (M.D.Pa.1996). Nonetheless, the Plaintiff cannot avoid the Rule 26(a)(2)(B) requirements by simply indicating that her expert is a treating physician. *Bucher v. Gainey Transp. Serv. of Indiana, Inc.,* 167 F.R.D. at 390.

Here, Dr. Jackson has never met the Plaintiff, but was the directing physician at the medical clinic visited by Ms. Elgas. Specifically, the Plaintiff states that "Dr. Jackson did not personally treat Ms. Elgas, he was consulted, and directed the work of the nurse practitioner who did treat Ms. Elgas." This is a concern because Dr. Jackson's actual involvement with the Plaintiff is limited. A treating physician usually acquires knowledge through personal treatment of a patient. *See Piper v. Harnischfeger Corp.,* 170 F.R.D. at 175 (citing cases that state treating physicians generally obtain their opinions through direct examination, diagnosis, or treatment of a patient). Since Dr. Jackson did not treat the Plaintiff, Dr. Jackson is not a typical treating physician. Nevertheless, Dr. Jackson did play a role in the Plaintiff's treatment when the nurse practitioner consulted him. Thus, to the extent that Dr.

Jackson has knowledge of the Plaintiff's medical condition through consultation, Dr. Jackson is a treating physician and not subject to Rule 26(a)(2)(B) requirements. However, Dr. Jackson should not be allowed to render a medical opinion based on factors that were not learned in the course of his limited treatment of the Plaintiff at his clinic.

### 2. James Bass

■ The Court should strike the designation of Bass as an expert, because Bass has not listed other cases in which he has testified as an expert at trial or by deposition within the preceding four years.[3] An expert's report must be "detailed and complete." *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir.1996) (citing Fed.R.Civ.P. 26 advisory committee's note).

> An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute "substantial justification" for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case. The requirements of the Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as, a possibility for retention as an expert witness in the case.

*Nguyen v. IBP, Inc.*, 162 F.R.D. 675 (D.Kan. 1995). Elgas argues that the she is unable under her current financial situation to find another expert. However, the Court agrees with *Nguyen* that "[a] party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26." *Id.*

Elgas implies in her opposition that any undisclosed information should be excluded at the time of trial. Certainly to the extent prior testimony enhances the experts' credibility and standing before the fact finder, plaintiffs suggestion is appropriate. Unfortunately, the disclosure of prior recorded testimony is designed to give the other party access to useful information to meet the proposed experts' opinions. The proliferation of marginal or unscrupulous experts will only be stopped when the other party has detailed information about prior testimony. The list of other cases in which the witness has testified as an expert should include the court, the names of the parties, the case number, and whether the testimony was by deposition or at trial.

Elgas has not shown how the failure to disclose is substantially justified or harmless. Therefore, the Court should strike the designation of Bass as an expert.

### 3. Corporate Security Department Expert

■ The Court should strike the designation of the unnamed corporate security department expert, because the Plaintiff has not retained or designated an expert. A party must provide the names of expert witnesses it expects to call before the close of discovery. *See Derby v. Godfather's Pizza, Inc.*, 45 F.3d 1212, 1214 (8th Cir.1995) (excluding an expert because the plaintiff failed to timely disclose expert's identity). Elgas has failed to show how her failure to name this expert is harmless. Discovery is closed and to allow her to designate a corporate security department expert at this point would be prejudicial and cause a substantial hardship to the Defendant. Since the Plaintiff has not designated a corporate security department expert, the requirements of the expert report are not met. To allow the Plaintiff to violate the requirements of Rule 26(a)(2)(B) and then to provide supplemental disclosure after the close of discovery is prejudicial to the Defendant. Thus, the Court should strike the Plaintiff's designation of a corporate security department expert.

### ORDER

Based on the foregoing, and good cause appearing therefore,

---

**3.** Nevada Local Rule 26–1(e)(3) modifies Fed. R.Civ.P. 26(a)(2)(C) to require the disclosure of experts 60 days before the discovery cut-off date. That allows time for a party to depose the person who has been identified as an expert and to designate a rebuttal expert if desired. Discovery, including expert disclosures and depositions, must be completed within the court-approved discovery period. Discovery is closed in this case.

IT IS HEREBY ORDERED that Defendant Colorado Belle Corporation's Motion to Strike Plaintiff's Expert Witness Designation (# 56) is granted in part and denied in part.

IT IS FURTHER ORDERED that Defendant Colorado Belle Corporation's Motion to Strike Plaintiff's Expert Witness Designation (# 56) is granted as to James Bass and the unknown security department expert.

IT IS FURTHER ORDERED that Defendant Colorado Belle Corporation's Motion to Strike Plaintiff's Expert Witness Designation (# 56) is denied as to Dr. Kenneth Jackson, M.D. and Nurse Practitioner, Joyce Matcham.