**Barbara M. WIDHELM, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 8:CV94–00334.

United States District Court,
D. Nebraska.

April 10, 1995.

David E. Copple, Domina, Copple Law Firm, Norfolk, NE, for plaintiff.

Christopher E. Hoyme, Christopher R. Hedican, Scott S. Moore, Tim M. Welsh, Michelle L. Pribil, Berens, Tate Law Firm, Omaha, NE, for defendant.

## ORDER

JAUDZEMIS, United States Magistrate Judge.

A number of discovery motions are pending before me, all of which relate to an expert witness dispute between the parties. Pending for review are: (1) defendant's Motion to Strike Plaintiff's Designation of Experts (# 13); (2) plaintiff's Motion to Extend Expert Witness Deadline (# 19); and (3) plaintiff's Motion to Conduct Depositions of Treating Physicians Out of Time (# 24).

## FACTUAL BACKGROUND

Plaintiff alleges that she was injured at one of defendant's stores in Indiana in June of 1993. As a result of those injuries, plaintiff was treated by Dr. Becker, Dr. Hehner and Dr. Brantly. Those physicians were identified by plaintiff to defendant as health care providers in answers to interrogatories. In addition, on October 31, 1994, plaintiff's counsel provided to defense counsel medical authorizations executed by plaintiff so that defendant could obtain plaintiff's medical records.

Plaintiff failed to comply with the court's order setting progression of this case which required the plaintiff to provide a statement regarding each expert witness it expected to call to testify at trial on or before January 1, 1995. Far from being arbitrarily imposed, the January 1st deadline was agreed to by plaintiff in the Form 35 report the parties sent to the court (copy attached). On January 23, 1995, plaintiff filed "Plaintiff's Second Supplementation to Rule 26 Disclosures" identifying the three above-named treating physicians as experts who would testify as to the causation of plaintiff's injuries, to a per-

manent disability rating given to plaintiff as a result of those injuries, to the necessity of the treatment plaintiff received, and to the fairness and reasonableness of the amounts charged for the treatment. Plaintiff did not provide reports but promised that those would be forthcoming. On February 23, 1995, defendant filed a Motion to Strike Plaintiff's Designation of Experts, indicating that reports had not yet been received and that defendant was not able to comply with its February 1, 1995 deadline because of plaintiff's failure to make adequate disclosure.

Plaintiff's Motion for Extension of Deadline to Designate Expert Witnesses or, in the alternative, Plaintiff's Motion for Leave of Court to Designate Expert Witnesses Out of Time (# 19) alleges that a new issue, plaintiff's eyesight, has been raised by defendant which now requires that plaintiff obtain medical records from her eye doctor. Plaintiff submitted no brief in support of the motion [1] nor any affidavit supporting the allegation that this is a newly raised defense. In contrast, defendant's brief included plaintiff's medical record dated August 3, 1993 (Ex. B) in which it is reported: "Mr. and Mrs. Widhelm understand that the patient's poor eyesight contributed to the incident . . ." Based on this information, I find plaintiff's argument that this is a new issue not credible.

The Motion to Conduct Depositions of Treating Physicians Out of Time (# 24) relates to the physicians identified by plaintiff in January. Plaintiff alleges that attempts to schedule those depositions were frustrated because defense counsel was on vacation in late March. One deposition was scheduled for one of the last days before discovery closed and then cancelled on the understanding that defense counsel would be unavailable. Discovery has now closed, and plaintiff requests it be reopened for the purpose of plaintiff taking the depositions of the treating physicians. By affidavit (Ex. A to defendant's brief), defendant advises the court that

---

1. The undersigned received no brief, and District Judge Shanahan to whom this case is assigned for final disposition reports that his chambers received no brief.

no effort was made by plaintiff to schedule any expert depositions until March 24, 1995, a Friday, and the last weekday of defense counsel's vacation. At that time, plaintiff only had five business days remaining during which to take the expert depositions. No earlier attempt having been made by plaintiff, I find that defense counsel's vacation had no effect on plaintiff's inability to schedule the expert depositions.

## LEGAL ANALYSIS

■ Courts consistently hold that parties are not entitled to relief from progression order deadlines when the parties have been lax in the conduct of discovery. Rule 16(b) provides:

> Except in categories of actions exempted by district court rule as inappropriate, ... a magistrate judge when authorized by district court rule,[2] *shall,* after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties ... by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> . . . .
>
> (2) to file motions. . . .
>
> . . . .
>
> . . . . A schedule *shall not be modified except upon a showing of good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

(Emphasis added.)

The reason for the "good cause" requirement for modification of a court's scheduling order is that

> [s]uch orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The

**2.** Magistrate Judges in this district are authorized to enter Rule 16 scheduling orders pursuant to NELR 72.2(b). Local Rules are binding

control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *Compagnie Nationale Air France v. Port of New York Authority,* 427 F.2d 951 (2nd Cir.1970); *Forstmann v. Culp,* 114 F.R.D. 83, 85 (M.D.N.C.1987); *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985).

*Kramer v. The Boeing Company,* 126 F.R.D. 690, 696 (D.Minn.1989). A scheduling order is an important tool in controlling litigation. *Jochims v. Isuzu Motors, Ltd.,* 145 F.R.D. 507, 510 (S.D.Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). Scheduling orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged court calendars." *Id.* The court in *Geiserman v. Mac-Donald,* 893 F.2d 787 (5th Cir.1990), also observed that the flouting of discovery deadlines causes substantial harm to the judicial system. The court stated:

> [d]elays [in litigation] are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings.

*Id.* at 792. Adherence to reasonable deadlines is therefore critical to maintaining integrity in court proceedings.

on the parties. *Silberstein v. IRS,* 16 F.3d 858, 860 (8th Cir.1994).

*Rouse v. Farmers State Bank of Jewell, Iowa,* 866 F.Supp. 1191, 1198–99 (N.D.Ia. 1994); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 608–09 (Scheduling orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice" under Rule 16(e).); *Spiller v. Ella Smithers Geriatric Center,* 919 F.2d 339, 343 (5th Cir.1990) (Rule 16 gives judge the power to modify or amend scheduling orders upon a showing of good cause.); *Taylor v. Collins,* 574 F.Supp. 1554, 1556 (E.D.Mich.1983) ("Deadlines must be respected; without such respect, courts are unable to regulate their dockets.").

■ Turning to plaintiff's failure to identify her treating physicians, I note that plaintiff argues that her non-compliance is excused in part by the progression order's footnote which indicates that "a treating physician shall not be deemed to be 'retained or specially employed to provide expert testimony in a case' within the meaning of Fed. R.Civ.P. 26(a)(2)(B)." (# 4 at fn. 1). As counsel are undoubtedly aware, that footnote reflects the Committee Notes to the amended rules, which Notes allow the physician to testify as an expert to the treatment given. However, in this case, plaintiff has expanded that role and is attempting to solicit expert testimony about causation and plaintiff's permanent disability rating. That will not be permitted. The treating physicians will only be allowed to testify about their treatment of plaintiff and the fairness and reasonableness of their bills.

I find that plaintiff has shown no good cause for her failure to comply with the court's progression order and that she is attempting to circumvent her duty to identify experts and provide their reports by expanding the testimony of the treating physicians. The only deposition that plaintiff will be given leave to take is that one deposition which had been scheduled for March 31 and which was cancelled due to miscommunication between counsel.

**IT IS ORDERED:**

1. Defendant's Motion to Strike Plaintiff's Designation of Experts (# 13) is granted in part and denied in part in that plaintiff will be allowed to elicit in-person testimony from treating physicians only on the subject of their treatment of plaintiff and the fairness and reasonableness of their bills;

2. Plaintiff's Motion to Extend Expert Witness Deadline (# 19) is denied; and

3. Plaintiff's Motion to Conduct Depositions of Treating Physicians Out of Time (# 24) is granted in part and denied in part in that plaintiff is given leave to depose one expert whose March 31, 1995 deposition was cancelled.

## APPENDIX

In the United States District Court
for the District of Nebraska

Case No. 94–334

Barbara M. Widhelm, Plaintiff,

v.

Wal–Mart Stores, Inc., Defendant.

## PARTIES REPORT OF RULE 26 MEETING

Pursuant to Fed.R.Civ.P. 26(f), a telephonic meeting was held on July 5, 1994 at 9:00 a.m. It was attended by David E. Copple for the Plaintiff, Barbara M. Widhelm, and Christopher R. Hedican for the Defendant, Wal–Mart Stores, Inc.

1. Pre–Discovery Disclosures. Parties will exchange by August 1, 1994, the information required by the Fed.R.Civ.P. 26(a)(1).

2. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects:

1. Whether Defendant was negligent;

2. The extent and nature of Plaintiff's damages;

3. Whether Defendant's negligence caused Plaintiff's injuries and/or damages;

4. Whether Plaintiff was contributorily negligent causing her injuries; and

5. Whether Plaintiff assumed the risk of injury.

b. All discovery will be completed by April 1, 1995.

c. Maximum number of interrogatories by each party should be 30 and will be answered and returned within 30 days.

d. Maximum number of requests for admissions by each party should be 20 and will be answered and returned within 30 days.

e. Maximum number of depositions to be taken by each party is six.

f. Each deposition should be limited to six hours unless extended by agreement of parties.

g. Reports from retained experts under Rule 26(a)(2) are due:

1. From the Plaintiff by January 1, 1995.

2. From the Defendant by February 1, 1995.

h. Supplementations of Rule 26 information is due every sixty days.

4. Other items.

a. The parties do not request a conference with the Court before entering a scheduling order.

b. The parties request a pretrial conference in May of 1995.

c. Plaintiff should be allowed until January 1, 1995 to join additional parties and to amend pleadings.

d. Defendant should be allowed until January 1, 1995 to join additional parties and to amend pleadings.

e. All dispositive motions should be filed by March 1, 1995.

f. Settlement has been discussed, however, it cannot yet be evaluated.

g. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from Plaintiff and Defendant by February 1, 1995.

h. The parties should have 20 days after service of the final list of witnesses and exhibits to list objections under Rule 26(a)(3).

i. The case should be ready for trial by May of 1995.

j. A number of the witnesses reside in the State of Indiana. Consequently, the parties agree to allow telephonic depositions.

DATED this 29 day of July, 1994.

WAL–MART STORES, INC., Defendant

By /s/ Christopher R. Hendican
   Christopher R. Hedican, # 19744
   Michelle L. Pribil, # 20136
   BERENS & TATE, P.C.
   10050 Regency Circle, Suite 400
   Omaha, NE 68114
   (402) 391–1991
   Attorneys for Defendant

AND

By /s/ David E. Copple
   David E. Copple, # 17274
   Domina & Copple
   2425 Taylor Avenue
   Norfolk, NE 68702–0078
   (402) 371–4300
   Attorney for Plaintiff