Ronald E. THOMAS

v.

CONSOLIDATED RAIL CORPORATION, et al.

Civil Action No. 95–30155–MAP.

United States District Court, D. Massachusetts.

Oct. 29, 1996.

Robert M. Byrne, Thornton, Early & Naumes, Boston, MA, for Plaintiff.

Michael B. Flynn, Brister & Zandrow, Boston, MA, for Consolidated Rail Corporation.

D. Michael Arter, Geary, Weafer & Garretson, Quincy, MA, for Robert P. Ugolini.

*MEMORANDUM REGARDING DEFENDANT CONSOLIDATED RAIL CORPORATION'S MOTION TO PRECLUDE THE PLAINTIFF FROM OFFERING MEDICAL CAUSATION TESTIMONY*

(Docket No. 30)

PONSOR, District Judge.

Defendant has moved to preclude any expert testimony from three of the plaintiff's potential witnesses, Dr. Susan Upham, Dr. Marc Linson and physical therapist Edward Palmer, on the ground that plaintiff has failed to comply with the disclosure requirements of Fed.R.Civ.P. 26(a)(2). Plaintiff has responded that he is not obligated to make the disclosures demanded by defendant because the three witnesses were "treating physicians."

Plaintiff is correct that the advisory notes to Fed.R.Civ.P. 26(a)(2) distinguish between specially retained experts and others.

> The requirement of a written report in Paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involved the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement of a written report.

Advisory Committee Notes to 1993 Amendments.

■ Many courts, however, have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony extending beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis. In *Patel v. Gayes,* 984 F.2d 214 (7th Cir.1983), the Court of Appeals observed that the requirement to provide disclosure depends "not on the status of the witness, but rather on the substance of the testimony." *Id.* at 218. Even where a physician has treated the plaintiff, disclosure of an expert report will be required where the witness' testimony was not based on his observations during the course of treating the plaintiff. In other words, a treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for purposes of Rule 26(a)(2). *See also Richardson v. Consolidated Rail Corp.,* 17 F.3d 213, 218 (7th Cir.1994); *Wreath v. United States,* 161 F.R.D. 448, 449 (D.Kan.1995).

The question in this case is: When does a treating physician cross over the boundary to become the sort of expert as to whom disclosure is required and did plaintiff's experts cross that boundary?

■ Here, it appears clear from the depositions and reports that the three witnesses will be offering their testimony, at least in part, not merely based on observations made during the course of treatment, but on professional expertise going beyond treatment

*per se.* For example, it seems that plaintiff intends to offer opinion testimony of all three witnesses regarding causation and prognosis. Under these circumstances, a report as required by Fed.R.Civ.P. 26(a)(2)(B) should be provided.

■ Having concluded this, the next question is, what is the appropriate sanction? Defendant argues that plaintiff should be completely barred from offering any opinion testimony from any of these three witnesses. The absence of such testimony would probably be fatal to plaintiff's case.

A sanction tantamount to dismissal would be excessive in this instance. Plaintiff did not flagrantly violate either the Rules of Civil Procedure or this court's orders. Indeed, a colorable though unpersuasive argument can be made based upon the advisory notes that no report is required under any circumstances pursuant to the mandate of Rule 26(a)(2)(B) for a treating physician. In addition, it is worth noting that plaintiff has made full disclosure of all reports and other written materials related to these three witnesses. The only arguable omission is the Rule 26(a)(2)(B) report.

Under these circumstances, the court will deny the defendant's Motion to Preclude, but on the condition that the plaintiff, on or before December 6, 1996, convey to the defendant a full report as required by Fed. R.Civ.P. 26(a)(2)(B) with regard to any opinion testimony to be offered by any of the three witnesses at issue. The opinion testimony may include, without limitation, causation, diagnosis and prognosis.