Ginger Dawn SHAPARDON, Plaintiff,

v.

WEST BEACH ESTATES, dba Paradise Cove Luau Park, Defendant.

Civil No. 96–00188 ACK.

United States District Court, D. Hawai'i.

April 2, 1997.

Jay L. Friedheim, John R. Remis, Jr., Honolulu, HI, for Plaintiff.

Ryan M. Akamine, Roeca Louie & Hiraoka, Honolulu, HI, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES

KURREN, United States Magistrate Judge.

Before the court is Defendant West Beach Estates, dba Paradise Cove Luau Park's ("Defendant") Motion to Exclude Plaintiff Ginger Dawn Shapardon's ("Plaintiff") Expert Witnesses. The matter came on for hearing on March 17, 1997. After careful consideration of the motion, supporting and opposing memoranda and arguments of counsel, the court orders that the motion be GRANTED in part and DENIED in part.

### DISCUSSION

This case stems from an accident in which Plaintiff was injured when one of Defendant's employees spilled hot coffee onto her. Pursuant to this court's scheduling conference order of July 18, 1996, the deadline for Plaintiff to disclose her expert witnesses in accordance with Fed.R.Civ.P. 26(a)(2) was December 13, 1996. Plaintiff disclosed the names of her expert witnesses, all of whom are her treating physicians, on December 13, 1996. Defendant seeks to exclude Plaintiff's expert witnesses, however, arguing that Plaintiff failed to submit a written report for each expert identified in accordance with Rule 26(a)(2)(B). Rule 26(a)(2)(B) requires that a party disclose both the identity of an expert witness and, if the expert is "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony . . .", a written report must also be submitted.

The rule clearly contemplates two types of experts: those who may qualify as experts, but are not retained or specially employed, and those who are retained or specially employed to provide testimony in the case. Written reports are required only for experts in the latter category. As explained in the Advisory Committee notes, a treating physician may testify without any requirement for a written report. Fed. R.Civ.P. 26(a)(2), Advisory Committee's Notes, 1993 amendment.

Defendant contends that treating physicians need not submit a report if their testimony is limited to specific treatment offered, but if their testimony goes beyond that and includes issues such as causation and future treatment, a report is required. The court disagrees and finds that Rule 26(a)(2)(B) is not that restrictive.

Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these

matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B). Numerous other courts who have considered this issue have reached similar conclusions. In *Salas v. U.S.*, 165 F.R.D. 31, 33 (W.D.N.Y.1995), the court explained:

> The relevant question is whether these treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff. If so, then they must be treated as treating physicians, who can be deposed under the amendments to Rule 26 but who cannot be forced to file the written report required by Rule 26(a)(2)(B).

> As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries.

*See also, Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 175 (D.Nev.1997) (no written report required if treating physician's testimony as to "causation, future treatment, extent of disability and the like" is based on knowledge acquired in the course of treatment); *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo.1995) (opinions of treating physicians as to the cause of an injury or degree of future injury based on an examination of the patient "are a necessary part of the treatment of the patient."); *Wreath v. U.S.*, 161 F.R.D. 448, 449 (D.Kan.1995) ("The determining issue is 'the scope of the proposed testimony"); *Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y.1996) ("A treating physician's testimony ... is based on the physician's personal knowledge of the examination, diagnosis, and treatment of a patient and not from information acquired from outside sources[,]" thus no report is required).

Defendant relies upon *Widhelm v. Wal–Mart Stores, Inc.*, 162 F.R.D. 591 (D.Neb. 1995), to support a contrary conclusion. In *Widhelm*, the court excluded a treating physician's testimony about the plaintiff's permanent disability rating and causation of injuries. The court found that the plaintiff had neither identified the expert nor filed a written report in accordance with Rule 26(a)(2)(B). To the extent that case in inconsistent with the analysis above, this court declines to follow it.

To the extent that case emphasizes the importance of scheduling orders, however, this court emphatically concurs. The court in *Widhelm* stated that: "[a] scheduling order is an important tool in controlling litigation. A magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.... Adherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings." *Id.* at 593 (internal quotations and citations omitted). If Plaintiff intends to elicit testimony based on information gathered outside of an examination of Plaintiff, her failure to adhere to the court's December 13, 1996 deadline will bar that testimony.

During the hearing on the instant motion, the parties indicated that at least one of Plaintiff's experts may have obtained an independent medical examination report from Plaintiff's counsel. An opinion based on any information in that report or any other information outside of the scope of his or her examination and treatment of Plaintiff is of a consulting nature. Thus, that physician must be considered a consulting expert who is subject to the report requirement of Rule 26(a)(2)(B). Because Plaintiff failed to submit any written reports by the December 13, 1996 deadline, any testimony that is based on information outside of that gathered in the course of the treatment of Plaintiff must be excluded.

## CONCLUSION

Based on the foregoing, the court rules that opinions of Plaintiff's treating physicians that are based upon information acquired in the course of treatment of Plaintiff may be offered and do not trigger the report requirement of Rule 26(a)(2)(B). Opinions that are based upon information received from outside sources, such as an independent medical examination report, provided to the physician by Plaintiff's counsel, do trigger the report requirement of Rule 26(a)(2)(B). Accordingly, the court GRANTS in part and

DENIES in part Defendant's Motion to Exclude Plaintiff's Expert Witnesses.

IT IS SO ORDERED.