**Sundanz WASHINGTON and Harriet McAdams, Plaintiffs,**

v.

**ARAPAHOE COUNTY DEPARTMENT OF SOCIAL SERVICES, et al., Defendants.**

No. Civ.A. 00–B–196.

United States District Court, D. Colorado.

Oct. 30, 2000.

John L. Wheeler, Antonio, Bates, & Bernard, P.C., Denver, CO, for plaintiffs.

Robin Elizabeth Cochran, Arapahoe County Attorney's Office, Littleton, CO, for defendants.

**ORDER**

BOLAND, United States Magistrate Judge.

This matter is before me on defendants' **Motion to Strike Plaintiffs' Expert Wit-**

nesses (the "Motion to Strike"), filed October 10, 2000. The plaintiffs have filed a response in opposition. The Motion to Strike is DENIED.

The Scheduling Order that was entered in this case on June 13, 2000, contains the following disclosure requirement with respect to plaintiffs' experts:

Plaintiffs shall designate all experts (including all treating health care providers who will testify as experts on causation and/or prognosis) and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before September 30, 2000.

Consistent with the Scheduling Order, the plaintiffs made a timely disclosure of accounting and health care experts. The accounting expert disclosure includes a resume and a list of cases in which the expert has offered testimony, but it does not include the "written report prepared and signed by the witness" required by Fed.R.Civ.P. 26(a)(2)(B). Instead, the disclosure states:

Mr. Campbell is an expert in accounting and has been retained to render opinions concerning: (1) the amount of back and future wages due to the plaintiffs, including benefits and PERA; and (2) the amount of any offset to said wages base on plaintiff's employment since her termination.

Discovery has only recently commenced, and when plaintiffs receives (sic) appropriate information from defendants confirming wage and benefit amounts, this expert will produce either a written report or a summary of his opinions, and plaintiffs will further disclose those opinions.

The plaintiffs' disclosed four health care providers—Michael Parra, M.D.; Gary L. Post, M.D.; Kaiser Permanente; and Littleton Health and Wellness Clinic. The disclosure states that these witnesses will provide "factual testimony as to the course of health care treatment" and "testify as to their opinions ... regarding plaintiffs' diagnosis and prognosis." None of the information specified in Fed.R.Civ.P. 26(a)(2) is provided, however, based on the following explanation:

The opinions expressed by these expert witnesses and the documents upon which each expert relies are fully set forth in their medical records which will be produced by plaintiffs.

Plaintiffs' health care providers have been compensated in the course of providing health care benefits to plaintiffs by plaintiffs' health care insurer and/or examinations, but have not been otherwise compensated by plaintiffs.

Documentation of qualifications, publications and previous testimony by these health care experts, if necessary, is available upon request.

The defendants have moved to strike all of the designated experts, arguing that the plaintiffs' disclosure does not meet the requirements of Fed.R.Civ.P. 26(a)(2) because, among other things, there is no written report containing a complete statement of the expert's opinions.

**The Accounting Expert**

The plaintiffs have failed to comply with that portion of the Scheduling Order which requires not only the designation of their experts by name on or before September 30, 2000, but also that they "provide opposing counsel with all information specified in Fed. R.Civ.P. 26(a)(2)" by that date. Scheduling Order, p. 7. Rule 26(a)(2)(B) requires, among other things, that an expert disclosure include:

[A] written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications or the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and the testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B).

Rule 16(b), Fed.R.Civ.P., provides that a deadline established in a scheduling order,

such as the deadline to designate experts and make Rule 26(a)(2) disclosures at issue here, may be extended only "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." In this case, the plaintiff sought no such extension, and none was granted. Numerous courts have noted, and I emphasize today, that a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Widhelm v. Wal–Mart Stores, Inc.,* 162 F.R.D. 591, 593 (D.Neb. 1995) (quoting *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me. 1985)). To the contrary, a scheduling order is an important tool necessary for the orderly preparation of a case for trial. *Widhelm,* 162 F.R.D. at 593. The consequence of the plaintiffs' failure to supply the Rule 26(a)(2) information as scheduled already has been realized—defendants have filed a Motion for Extension of Time to Designate Expert Witnesses, seeking an extension of 30 days from the date plaintiffs provide a written report within which to complete their disclosure.

The plaintiffs' remedy in the event they could not supply the information required by Rule 26(a)(2) was not unilaterally to state that they would supply the information when it became available, but to seek an extension of the expert disclosure deadline upon a showing of good cause. Then the entire schedule can be modified as necessary to assure that the case is prepared in an orderly way.

■ The plaintiffs' failure to comply with the scheduling order notwithstanding, the standard for striking an expert based upon a late designation is set out in *Summers v. Missouri Pacific Railroad System,* 132 F.3d 599, 604 (10th Cir.1997):

> The decision to exclude evidence is a drastic sanction. Because district courts are given wide latitude in this area, we reverse only for abuse of discretion.

Even according appropriate deference, we find reversible error in this case [where an extension of time for the late designation of an expert witness was denied]. Our determination turns on four factors:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order."

■ In this case, there is no undue prejudice to the defendants as a result of the late designation of the plaintiffs' accounting expert, and any prejudice which may exist is easily cured. The case is set for trial commencing November 26, 2001. Consequently, there is adequate time to allow extensions so that the expert disclosures and discovery can be completed well in advance of trial. Nor will those extensions disrupt the trial of this case or the court's trial docket. Finally, I do not find the plaintiffs' conduct sufficiently willful as to justify exclusion of their expert. Consequently, I do not believe that the facts presented justify an order striking plaintiffs' accounting expert.

**Health Care Experts**

■ Rule 26(a)(2)(A), Fed.R.Civ.P., requires a party to disclose the identity of all expert witnesses. Plaintiffs did this.[1] The defendants move to strike the testimony of the health care experts because no further information, beyond identity, was disclosed.

Written reports are only required of those experts "who [are] retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed.R.Civ.P. 26(a)(2). Defendants' motion to strike the health care experts fails to address the fact that they are the plaintiffs'

---

1. Rule 26(a)(2)(A), Fed.R.Civ.P., requires a party to disclose "the identity of any person who may be used at trial to present [expert] evidence...." Although the defendants have not raised the issue, the designation of Kaiser Permanente and

Littleton Health and Wellness Clinic does not satisfy the requirement of the rule. The plaintiffs must identify the particular person at those entities who will offer expert testimony.

treating physicians, and also fails to address the rule established in *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo.1995):

> The issue as to whether a treating physician is an expert pursuant to Rule 26(b)(4)(C) continues to be a problem. Treating physicians are not retained for purposes of trial. Their testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial. They are witnesses testifying to the fact of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

*See* Christopher W. Dyer, Note, "Treating Physicians: Fact Witnesses or Retained Expert Witnesses In Disguise? Finding a Place for Treating Physician Opinions in the Iowa Discovery Rules," 48 *Drake L.Rev.*, 719, 727–31 (2000) ("The majority of federal courts considering the issue of whether treating physicians are subject to reporting requirements when presented to provide opinion testimony on prognosis, causation, or standard of care, have concluded treating physicians are not subject to these requirements, so long as the opinions stem from treatment").

The rationale for not requiring written reports from treating physicians is clearly stated in *Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H.1998):

> A principle purpose of Rule 26(a)(2) is to permit a "reasonable opportunity to prepare for effective cross examination and . . . arrange for expert testimony from other witnesses." The unretained experts, who formed opinions from pre-litigation observation, invariably have files from which any competent trial attorney can effectively cross-examine. The retained expert, who under the former interrogatory rule frequently provided sketchy and vague answers, has no such files and is thus required to provide the report to enable effective cross-examination. This reading puts unretained experts, because of their historical file, and retained experts, because of the required report, on equal footing for cross-examination purposes.

(Citations omitted.)

If a treating physician offers expert testimony concerning matters which are not based on his or her observations during the course of treating the party designating them, however, an expert report which complies with the requirements of Rule 26(a)(2)(B) is required. *Bucher v. Gainey Transportation Service of Indiana, Inc.*, 167 F.R.D. 387, 390 (M.D.Pa.1996). Thus, "Rule 26 focuses not on the status of the witness, but rather on the substance of the testimony." *Id.*

■ In this case, the plaintiffs' expert disclosure states that the testimony of the treating health care professionals will be limited to the areas of "diagnosis and prognosis." Plaintiffs' Disclosure of Expert Testimony, p. 1. This is within the realm of opinions formed by these experts through their observations of the plaintiffs during the course of treatment, and no Rule 26(a)(2)(B) reports are required.

For these reasons, I DENY the Motion to Strike.