Gwendolyn Fay HAWKINS, Plaintiff,

v.

GRACELAND, a Division of Elvis Presley Enterprises, Inc., Defendant.

No. 01–2368 D/Bre.

United States District Court, W.D. Tennessee, Western Division.

Sept. 24, 2002.

Peggy J. Lee, Lee Law Firm, Memphis, TN, for Plaintiff.

Jeffery A. Jarratt, Venita Marie Martin, Glankler Brown, PLLC, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY

BREEN, United States Magistrate Judge.

Before the court by order of reference is the motion of the defendant, Graceland, to exclude the testimony of Dr. Savira Sidhu, plaintiff's treating physician, based on the failure of plaintiff, Gwendolyn Fay Hawkins, to comply with the requirements of Rules 16 and 26 of the Federal Rules of Civil Procedure with respect to the physician. Rule 26 provides in pertinent part that

> a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> ... [T]his disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ..., be accompanied by a written report prepared and signed by the witness....
>
> These disclosures shall be made at the times and in the sequence directed by the court....

Fed.R.Civ.P. 26(a)(2)(A)-(C). Under Fed. R.Civ.P. 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). The decision of whether to admit or exclude evidence lies within the broad discretion of the trial court. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1014 (6th Cir.1993).

Defendant first argues that Dr. Sidhu should be excluded from offering testimony on the grounds that plaintiff failed to disclose the physician as an expert witness. On April 11, 2002, an Amended Rule 16(b) Scheduling Order was entered extending the disclosure deadline for plaintiff's experts to May 15,

2002. According to the instant motion, the amended order "was entered into in contemplation of Plaintiff's identification of Dr. Sidhu as an expert." (Mem. of Law in Supp. of Def.'s Mot. to Exclude Expert Test. at 3.) Prior to entry of the order, Graceland contends, it became aware of plaintiff's intention to use Dr. Sidhu's testimony, despite her failure to identify the physician as an expert, as to her purported injuries, her diagnosis, and the causal connection between Hawkins' employment with the defendant and her present condition. As of the date of the motion, defendant maintains that plaintiff has failed to identify Dr. Sidhu as an expert witness. In response, plaintiff insists that, as her treating physician, Dr. Sidhu is not an expert witness and therefore does not fall into the category of witnesses for which disclosure is required under the Rule.

While the law is not settled on whether a treating physician who might testify on causation is to be considered an "expert" for purposes of Rule 26(a)(2)(A), the court need not answer that question here and indeed cannot do so definitively on the limited information before it. Even assuming that Dr. Sidhu is an expert witness the identification of whom was required under the Rule, the court finds that plaintiff's failure to so identify was harmless. "To determine whether a particular default was harmless, courts examine the prejudice which one party's non-disclosure has caused the other party to suffer." *Boggs v. Divested Atomic Corp.*, No. C–2–90–840, 1997 WL 33377790, at *12 (S.D.Ohio Mar.24, 1997). It is undisputed that Graceland was aware prior to the date for expert disclosure that plaintiff intended to use Dr. Sidhu's testimony. Moreover, defendant has not so much as suggested that plaintiff's failure to identify the physician as an expert has resulted in prejudice.

Graceland also avers that exclusion is appropriate based on plaintiff's failure to submit a written expert report prepared by Dr. Sidhu, as is required by Rule 26(a)(2)(B). Written reports are not required of all experts, but only those "who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such

testimony." Fed.R.Civ.P. 26 advisory committee's note (1993). As the Advisory Committee observed, "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." *Id.* A treating physician is not considered an "expert" for purposes of Rule 26 simply by virtue of his or her expertise. *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D.Ohio 1998). The physician is not categorized as an expert witness "if he or she testifies about observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir.1999). Thus, "to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a 'specially employed' expert and is not subject to the written report requirements of Rule 26(a)(2)(B)." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y.1995); *see also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D.Md.1997) ("[t]o the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury—then no Rule 26(a)(2)(B) statement should be required"); *Brown v. Best Foods*, 169 F.R.D. 385, 387 (N.D.Ala.1996) (same); *Wreath v. United States*, 161 F.R.D. 448, 450 (D.Kan.1995) (same). "However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Salas*, 165 F.R.D. at 33. Thus, the application of the Rule 26 disclosure requirements depends on the substance of the treating physician's testimony rather than his or her status. *See Washington v. Arapahoe County Dep't of Soc. Servs.*, 197 F.R.D. 439, 442 (D.Colo.2000).

Defendant charges that any testimony offered by Dr. Sidhu as to the causation of plaintiff's injuries renders the physician an expert subject to the written disclosure requirements of Rule 26(a)(2)(B). In *Salas,*

the defendant, as does the defendant in this case, argued that the plaintiff's intention to question the treating physician concerning whether the injuries treated were causally related to the accident at issue went beyond care and treatment so as to trigger the disclosure provisions. The court disagreed, stating as follows:

> The relevant question is whether these treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff. If so, then they must be treated as treating physicians, who can be deposed under the amendments of Rule 26 but who cannot be forced to file the written report required by Rule 26(a)(2)(B).

> As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries. In this case, there is no indication that these treating physicians reviewed any medical records other than those involved in their care and treatment of the patient. Plaintiff is not asking these doctors to comment upon or review the opinions of other doctors. Each of these physicians in fact treated the plaintiff in the area of their speciality. Accordingly, questioning these physicians as to whether the injuries for which they treated the plaintiff can be causally related to the accident would appear to be within the scope of the patient's care and treatment.

*Salas,* 165 F.R.D. at 33 (internal citations omitted); *accord Washington,* 197 F.R.D. at 441–42; *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 80–81 (D.N.H.1998); *Piper v. Harnischfeger Corp.,* 170 F.R.D. 173 (D.Nev. 1997). It is the conclusion of the court, assuming, again, that Dr. Sidhu qualifies as an expert witness, that no expert witness report is required.[1]

---

**1.** The court notes at this point that counsel for defendant could have obtained the opinions of Dr. Sidhu by propounding to the plaintiff interrogatories asking for the opinions and factual bases of all witnesses who would provide opinion testimony under Rules 702, 703 and 705 of the Federal Rules of Evidence. *See Sullivan,* 175 F.R.D. at 501 n. 7.