Noberto GARCIA, Plaintiff,

v.

**CITY OF SPRINGFIELD POLICE DEPARTMENT, Defendant.**

**No. CIV.A.03–30125–MAP.**

United States District Court,
D. Massachusetts.

Aug. 16, 2005.

---

Peter P. Fenton, Fenton & Fenton, Springfield, MA, Edward M. Pikula, O'Connor, Martinelli, Cullinan & Pikula, Springfield, MA, for Defendant.

Suzanne Garrow, Heisler, Feldman & McCormick, P.C., Springfield, MA, Hugh D. Heisler, Heisler, Feldman & McCormick, PC, Springfield, MA, for Plaintiff.

*MEMORANDUM AND ORDER REGARD-ING DEFENDANT'S MOTION TO MODIFY TIME FOR EXPERT DIS-CLOSURE AND MOTION TO COM-PEL* (Docket No. 49)

PONSOR, District Judge.

Plaintiff has brought this action seeking damages based upon alleged discrimination suffered by him on account of his national origin. Defendant has filed a discovery-related motion in two parts.

First, defendant seeks an extension of time to August 29, 2005 to provide expert disclosure. This aspect of the motion is hereby allowed.

Second, defendant seeks an order of this court requiring the plaintiff to provide an expert report under Fed.R.Civ.P. 26(a)(2), with regard to any treating physician who may testify at trial and offer an opinion. This court has previously held in *Thomas v. Consolidated Rail Corp.*, 169 F.R.D. 1 (D.Mass.1996), that a disclosure of this sort is required when a treating physician will be offering an opinion—for example, an opinion related to causation or prognosis. Having reviewed the plaintiff's memorandum, the court is now convinced that, to some extent, the view of the law set forth in *Thomas* is excessively stringent. The purpose of this memorandum will be to place counsel on notice of a modest change in the court's approach to this kind of disclosure.

The First Circuit has noted that the Advisory Committee Notes "specifically use the example of a treating physician to illustrate the sort of witness who ... need not be considered an expert for the purpose of submitting a report as part of pretrial discovery." *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir.2003). Judge Selya concluded that, "[b]y and large, courts have followed the Advisory Committee's lead and ruled that a treating physician, testifying as to his consultation with or treatment of a patient, is not an expert for purposes of Rule 26." *Id.* The *Thomas* decision both recognizes the Advisory Committee note and states that treating physicians may testify as to their "observations made during the course of treatment" without having to prepare an expert report. *Thomas*, 169 F.R.D. at 2.

To the extent that *Thomas* establishes a rule that a treating physician must always submit an expert report under Rule 26(a) in *all* cases where he or she intends to testify about causation and prognosis, that decision places an excessive burden on plaintiffs. Plaintiff's memorandum has offered a plethora of cases in which courts have held that care-providers may testify without the submission of a Rule 26 expert report, even when their testimony relates to causation and prognosis. *E.g., Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 175 (D.Nev.1997) ("It is common place for a treating physician during, and as part of, the course of treat-

ment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. Opinions such as these are a part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirements of Fed.R.Civ.P. 26(a)(2)(B)."); *see also Glass v. Crimmins Transfer Co.,* 299 F.Supp.2d 878, 888 (C.D.Ill.2004); *Washington v. Arapahoe County Dept. of Social Servs.,* 197 F.R.D. 439, 442 (D.Colo.2000); *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 81 (D.N.H.1998); *Salas v. U.S.,* 165 F.R.D. 31, 33 (W.D.N.Y.1995).

However, none of these case stands for the proposition that testimony regarding causation and prognosis is *always* admissible absent an expert report so long as the witness is a treating care-provider. To the contrary, in determining whether the proposed testimony ought to be excluded for lack of a Rule 26 expert report, each court carefully examined both the foundation of the expert witness's opinion and the scope of the testimony. The common rule distilled from the above decisions is that so long as the expert care-provider's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary. *See, e.g., Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 501 (D.Md.1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury—then no Rule 26(a)(2)(B) statement should be required."); *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995) ("[W]hen the physician's proposed opinion testimony extends beyond the facts made known to him during the course of the care and treatment of the patient and the witness is specially retained to develop specific opinion testimony, he becomes subject to the provisions of Fed.R.Civ.P. 26(a)(2)(B)."); *Washington,* 197 F.R.D. at 442 ("If a treating physician offers expert testimony concerning matters which

are not based on his or her observations during the course of treating the party designating them, however, an expert report which complies with the requirements of Rule 26(a)(2)(B) is required."); *Sprague,* 177 F.R.D. at 80 ("The majority of . . . courts in the country have concluded that Rule 26(a)(2)(B) reports are not required as a prerequisite to a treating physician expressing opinions as to causation, diagnosis, prognosis and extent of disability where they are based on the treatment."); *Shapardon v. West Beach Estates,* 172 F.R.D. 415, 417 (D.Hawai'i 1997) ("The relevant question is whether these treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff."); *Salas,* 165 F.R.D. at 33 (same).

In summary, the court will in future no longer follow its *Thomas* decision, to the extent that it requires a blanket exclusion of all causation and prognosis testimony by treating care-providers in the absence of a report. Instead, the court will allow such testimony in cases where (1) it is based on the care-provider's personal knowledge and observations obtained during the course of care and treatment, and (2) the care-giver was *not* specially retained for litigation or for trial.

Two practical realities support this approach. First, the Rules require any party to identify as a witness any treating physician who may be testifying. This disclosure will give the opposing party an opportunity to obtain written discovery regarding this potential witness, and, if necessary, to depose the witness. Prejudice arising from the lack of a report will therefore be minimal.

Second, as plaintiff points out, the requirement that a treating physician submit an expert report under Rule 26 may provoke refusal from the treating physician. Preparation of an expert report under Fed.R.Civ.P. 26(a)(2) is a substantial undertaking. Where the treating physician has not been specially retained and paid to prepare a report, he or she may simply, and understandably, decline to do so. As a result, it may be awkward, or even impossible, for a plaintiff to offer important medical testimony.

It is important to underline that a party who wishes to offer the opinion of a treating physician without providing a report must accept something of a risk. If the witness's opinion strays beyond the boundaries described, the court will have the power to exclude it.

Based on the foregoing conditions, the second portion of the defendant's Motion to Compel is hereby DENIED. The Motion to Modify Time to August 29, 2005 to provide expert disclosures is ALLOWED.

It is So Ordered.