Kirpalani, Maynard M., J.
Plaintiff Alysia Ogburn-Sisneros (“plaintiff’), as personal representative of the estate of Billy Ogburn, Sr. (“decedent”), has filed motions in limine asking this court to exclude certain evidence at trial. Three so-called “minor” motions in limine were taken under advisement by the court after argument on November 19, 2015. This Order addresses each of these three motions. The court’s Order on each motion follows.
A.Plaintiffs Motion in Limine to Preclude Argument or Evidence Relating to Informed Consent
After hearing, this motion is DENIED. The defendants concede in their papers and at the hearing that they will not use Mr. Ogbum’s consent forms in his medical chart to attempt to establish that he was informed and aware of the specific risks associated with the use of GranuFlo or that he consented to such risks. The defendants further indicate that they will not pursue an “informed consent” or “assumption of the risk” defense at trial. They offer the consent forms as relevant to the issue of the general risks of dialysis. The court is not prepared to rule that there is no relevance to evidence of the general risks of dialysis; moreover, there are other purposes for which the defendants claim relevancy. Accordingly, the forms are not excluded and may be offered for any relevant purpose(s).
B.Plaintiffs Motion in Limine to Exclude Statements Regarding the Number of Patients Treated with, and the Number of Treatments Using GranuFlo or NaturaLyte
After hearing, this motion is DENIED. Defendants argue that this evidence is relevant and should be admitted to put into context the number of “other incidents” of injuiy that plaintiff will offer or which will come into evidence in some form, and is also relevant to the issue of the “safety record” of the products. At the hearing, plaintiff appears to concede that it would be difficult to excise this type of evidence from the case, but asserts that admission of this fype of evidence also fairly implicates the admissibilify of evidence of the defendants’ size, and perhaps worth, that defendants seek to exclude in another motion. The court accepts that admission of evidence of the number of patients and treatments using GranuFlo (and perhaps also the number of clinics) likely not only permits certain inferences or arguments about the size and/or sophistication of the defendants, but also either entails or permits the introduction of some evidence in that regard. Moreover, the technological and scientific sophistication and capabilities of the defendants appear to have a role in the evidence, but care must be taken with such evidence because evidence of corporate size or worth can also improperly influence a jury. In any event, the evidence this motion seeks to exclude appears to have relevance and will not be excluded as unduly prejudicial under a Mass. G. Evid. §404 analysis.
C.Plaintiffs Motion in Limine to Preclude Dr. Jesse Flaxenburg, M.D. from Offering Expert Opinions Formed Subsequent to His Treatment of Billy Ogburn
After hearing, this motion is DENIED. As a treating physician, Dr. Flaxenburg’s opinions are not subject to the normal Rule 26 disclosure requirements. Additionally, plaintiff is aware of and not surprised by the opinions, by virtue of Dr. Flaxenburg’s deposition. Dr. Flaxenburg’s opinions will not be excluded under the principles of Garcia v. City of Springfield Police Dept., 230 F.R.D. 247, 249 (D.Mass. 2005), cited by both sides on this issue. Garcia provides that so long as the expert care-provider’s testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment, and he or she was not specially retained in connection with the litigation or for trial, a Rule 26 expert report is not necessary. Here, Dr. Flaxenburg’s factual knowledge about Mr. Ogburn’s medical condition comes from his treatment of the patient and not from any other source. The fact that his opinion on causation is not contained in a contemporaneously created medical record, or the fact that his opinion was formulated after his treatment had ceased or the fact that his opinion may be influenced by or based upon scientific information or knowledge which he did not possess at the time of treatment, is not fatal to the admission of his opinion, although these facts may properly be the basis of cross examination. Medical opinions elicited in a deposition of a physician may or may not be accompanied by a statement of degree of certitude; that in part rests on the questions asked of the witness. Any opinions that Dr. Flaxenburg offers at trial must be based upon an appropriate degree of certitude or they may not be admitted. While the court will not grant this motion on Daubert-Lanigan grounds relating to witness qualifications or reliability of the opinion,[4] any opinions Dr. Flaxenburg offers at trial *284 must, like any other opinion evidence, be based upon an appropriate and sufficient foundation.[5]
ORDER
In accordance with the foregoing:
1. Plaintiffs Motion in Limine to Preclude Argument or Evidence Relating to Informed Consent is DENIED-,
2. Plaintiffs Motion in Limine to Exclude Statements Regarding the Number of Patients Treated with, and the Number of Treatments Using GranuFlo or NaturaLyte is DENIED; and
3. Plaintiffs Motion in Limine to Preclude Dr. Jesse Flaxenburg, M.D. from Offering Expert Opinions Formed Subsequent to His Treatment of Billy Ogburn is DENIED.

 However, the court considers it questionable that Dr. Flaxenburg’s opinion that the likelihood that GranuFlo caused Mr. Ogbum’s death is “one in a million” (deposition transcript, p. 244) will be admitted.

 And it should be noted that, “[i]t is important to underline that a party who wishes to offer the opinion of a treating physician without providing a report must accept something of a risk. If the witness’s opinion strays beyond the boundaries described, the court will have the power to exclude it.” Garcia, op. cit.